Roy W. KRIEGER, Appellant,

v.

Kathlynn G. FADELY, et al., Appellees.

No. 99–5311.

United States Court of Appeals,
District of Columbia Circuit.

Argued April 21, 2000.

Decided May 5, 2000.

Roy W. Krieger, appearing pro se, argued the cause and filed the briefs for appellant.

Mark B. Stern, Attorney, U.S. Department of Justice, argued the cause for appellees. With him on the brief were David W. Ogden, Acting Assistant Attorney General, and Wilma A. Lewis, U.S. Attorney.

Before: EDWARDS, Chief Judge, GINSBURG and RANDOLPH, Circuit Judges.

Opinion for the Court filed by Circuit Judge RANDOLPH.

RANDOLPH, Circuit Judge:

After working for four years as a trial attorney in the Civil Division of the Department of Justice, Roy W. Krieger returned to private practice. The first law firm he joined went bankrupt. Six months later, Krieger found work at a second firm and remained there for a year before leaving to join a third. The third firm fired him after he had been there a little more than a year. Krieger believes Kathlynn Fadely, his immediate supervisor at Justice and his co-counsel in a lengthy trial still ongoing when he resigned, instigated his firing. His complaint named Fadely, the Justice Department and the United States as defendants.

The Attorney General certified that Fadely was acting within the scope of her employment with respect to local law counts 1 through 6 and moved to substitute the United States for Fadely as a defendant under 28 U.S.C. § 2679(d)(1). Two days later, the district court issued an order directing the substitution.

██ Krieger objects that the district court acted too precipitously, that the local rule entitled him to eleven days to respond, and that he was therefore improperly denied an "opportunity to be heard." Brief for Appellant at 10. He has a point.

Krieger should have been heard, particularly since the effect of the substitution was to render the defendant—now the United States—completely immune on three counts (for defamation—count 1—and interference with contract—counts 5 & 6). *See Gutierrez de Martinez v. Lamagno,* 515 U.S. 417, 427–29, 115 S.Ct. 2227, 132 L.Ed.2d 375 (1995); *Williams v. United States,* 71 F.3d 502, 505–06 (5th Cir. 1995). The trouble for Krieger is that in the eleven months between the substitution and the dismissal of his complaint, he voiced not a word of protest to the district court. His objection to the substitution order appeared for the first time on appeal. Had he made his objection known to the district court, the problem could easily have been cured. The court could have vacated its order and treated the matter *de novo,* in light of whatever evidence and arguments Krieger then mustered. That Krieger had not objected immediately to the certification would not have been held against him. Rule 46 of the Federal Rules of Civil Procedure provides that "if a party has no opportunity to object to a ruling or order at the time it is made, the absence of an objection does not thereafter prejudice the party." *See Insurance Servs. of Beaufort, Inc. v. Aetna Cas. & Sur. Co.,* 966 F.2d 847, 852 (4th Cir.1992). In any event, Krieger had a duty to speak out and make his objection known—if, in fact, he had an objection. We add the qualification because Krieger's silence may have been for tactical reasons: although the United States had immunity on some of the counts, it had a deeper pocket than Fadely on others. *See Gutierrez de Martinez,* 515 U.S. at 427, 115 S.Ct. 2227. Krieger's failure to object, for whatever reason, cannot be excused. To use the terminology of *United States v. Olano,* 507 U.S. 725, 732, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993), his neglect in the district court at least "forfeited" his right to raise the issue in this court. *Id.* at 732, 113 S.Ct. 1770; *see also, e.g., Singleton v. Wulff,* 428 U.S. 106, 120,

96 S.Ct. 2868, 49 L.Ed.2d 826 (1976); *Doe v. DiGenova,* 779 F.2d 74, 89 (D.C.Cir. 1985). We may go further and say, again in the *Olano* phrasing, that he "waived" the issue. 507 U.S. at 733, 113 S.Ct. 1770. When the government moved to dismiss counts 1, 5 and 6 on the basis of its immunity, Krieger—rather than opposing on the ground that the United States was improperly substituted for Fadely—stated to the district court that he could "not in good faith oppose" the motion. Plaintiff's Response in Opposition to Defendants' Motion to Dismiss at 2.

■ One of Krieger's other contentions relates to the district court's dismissal, for failure to state a cause of action, of count 8, which alleged that "[t]hrough the acts and omissions of Defendant Fadely within the scope of her employment, Defendant DOJ wrongfully disclosed to unauthorized persons records concerning Plaintiff subject to protection under the Privacy Act, 5 U.S.C. § 552a(b)." Earlier paragraphs, incorporated by reference, alleged that Fadely had precipitated Krieger's firing by "secretly" calling the senior partner in Krieger's firm and telling him that Krieger's performance at the Justice Department "had been deficient." The district court dismissed count 8 on the basis that Krieger failed to "identify any 'records' or arguably confidential information that has been wrongly disclosed." *Krieger v. Fadely,* Civ. No. 98–1703, mem. op. at 15 (D.D.C. Aug. 9, 1999) ("mem. op.").

■ Among the elements of a civil action for damages under the Privacy Act are that the agency disclosed "any record which is contained in a system of records by any means of communication to any person, or to another agency, except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains...." 5 U.S.C. § 552a(b); *see Pilon v. United States Dep't of Justice,* 73 F.3d 1111 (D.C.Cir. 1996); *Tomasello v. Rubin,* 167 F.3d 612 (D.C.Cir.1999). If his lawsuit went forward, there would come a time when Krieger would have to identify the particular records Fadely unlawfully disclosed. But that point surely was not as early as the pleading stage. Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only a "short and plain" statement of the claim for relief. Factual detail is unnecessary. *See Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit,* 507 U.S. 163, 168, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993); *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). The district court observed that it did not have to take as true legal conclusions cast as factual allegations when deciding a Rule 12(b)(6) motion. Mem. op. at 15 (citing *Kowal v. MCI Communications Corp.,* 16 F.3d 1271, 1276 (D.C.Cir.1994)). What legal conclusions the court had in mind is uncertain. The district court agreed with the legal proposition that if Fadely's statements revealed the contents of protected records this would be actionable, despite the fact that Fadely's statements were not themselves records. *See Bartel v. FAA,* 725 F.2d 1403, 1408 (D.C.Cir.1984). But according to the court, Krieger had not "alleged that Fadely's statements revealed any" information in a protected record. This is not accurate. The complaint claimed that "records" concerning Krieger were wrongfully disclosed, which necessarily means that information in records had been revealed. True, this does not give much detail, but complaints "need not plead law or match facts to every element of a legal theory," *Bennett v. Schmidt,* 153 F.3d 516, 518 (7th Cir.1998). We agree with Judge Easterbrook, writing for the court in *Bennett,* that using Rule 12(b)(6) rather than summary judgment under Rule 56 to weed out what appear to be factually-deficient cases may be incompatible with Rule 8. *See* 153 F.3d at 518–19.

In short, Krieger's Privacy Act count alleged the essential elements of his claim and put the government on notice. Nothing more was required to survive a motion

to dismiss for failure to state a claim. Count 8 therefore should be reinstated.

We have considered Krieger's other arguments and reject them substantially for the reasons given in the district court's memorandum opinion and order dismissing the complaint under Rule 12(b)(1) and (6) of the Federal Rules of Civil Procedure.

\*       \*       \*

For the foregoing reasons, the decision of the district court dismissing Krieger's complaint is

*Affirmed in part and reversed in part.*