Victor H. SPARROW, III, Appellant,

v.

UNITED AIR LINES, INC.,
et al., Appellees.

No. 99–7165.

United States Court of Appeals,
District of Columbia Circuit.

Argued May 11, 2000.

Decided June 27, 2000.

**1113**

Victor H. Sparrow, III, appearing pro se, argued the cause and filed the briefs for appellant.

Jeffrey S. Piell argued the cause for appellees. With him on the brief were Gary A. Orseck and Andrew A. Nicely.

Before: EDWARDS, Chief Judge, RANDOLPH and GARLAND, Circuit Judges.

Opinion for the Court filed by Circuit Judge GARLAND.

GARLAND, Circuit Judge:

Plaintiff Victor H. Sparrow, III worked for United Air Lines for three years before being terminated in 1997. On September 15, 1998, he sued his former employer on a number of grounds, including alleged racial discrimination in employment. In lieu of an answer, United filed a motion under Federal Rule of Civil Procedure 12(b)(6), asking the district court to dismiss plaintiff's action for "failure to state a claim upon which relief can be granted." The court granted the motion, holding that plaintiff's complaint had failed

to "make out a prima facie case of discrimination." *Sparrow v. United Airlines, Inc.*, No. 98–2194, slip op. at 17 (D.D.C. July 22, 1999). Because a plaintiff need not set forth the elements of a prima facie case at the initial pleading stage, we reverse and remand for further proceedings.

**I**

Sparrow's amended complaint included a plethora of charges against United, ranging from breach of contract to violation of various state laws. The district court dismissed the complaint in its entirety, and, in an earlier opinion, this court affirmed as to all claims other than those alleging "discriminatory discharge and failure to promote under 42 U.S.C. § 1981." *Sparrow v. United Air Lines, Inc.*, No. 99–7165 (D.C.Cir. Dec. 21, 1999).[1] We review de novo the district court's dismissal of the remaining claims under Rule 12(b)(6). *See, e.g., Croixland Properties Ltd. v. Corcoran*, 174 F.3d 213, 215 (D.C.Cir.1999). In so doing, we must treat the complaint's factual allegations as true, *see Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993), and must grant plaintiff "the benefit of all inferences that can be derived from the facts alleged," *Schuler v. United States*, 617 F.2d 605, 608 (D.C.Cir.1979). *See Croixland Properties*, 174 F.3d at 215.[2]

**A**

The district court dismissed Sparrow's employment discrimination claims on the ground that "[p]laintiff cannot make out a prima facie case of discrimination." *Sparrow*, slip op. at 17. "Specifically," the

1. Section 1981 prohibits racial discrimination in "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(b); *see Carney v. American Univ.*, 151 F.3d 1090, 1092–93 (D.C.Cir.1998).

2. We also note that Sparrow brought this action pro se, and that the Supreme Court has instructed the lower courts to hold "allegations of [a] pro se complaint . . . to less strin-

gent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). However, because we decide this appeal in Sparrow's favor under the standards applicable to represented plaintiffs, we need not decide whether Sparrow—who graduated from Harvard Law School but is not now licensed to practice law—would be entitled to the benefit of the less stringent pro se standards enunciated by the Court.

court said, "plaintiff has not pointed to any similarly situated employees who were given preferential treatment over him." *Id.* Moreover, "even assuming that plaintiff could meet the elements of a prima facie case, he has offered no evidence to demonstrate that [United's] reasons for firing him were pretextual." *Id.*

■ It is true that under the familiar *McDonnell Douglas* framework for proving unlawful discrimination:

> First, the plaintiff has the burden of proving by the preponderance of the evidence a prima facie case of discrimination. Second, if the plaintiff succeeds in proving the prima facie case, the burden shifts to the defendant "to articulate some legitimate, nondiscriminatory reason for the employee's rejection." Third, should the defendant carry this burden, the plaintiff must then have an opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination.

*Texas Dep't of Community Affairs v. Burdine,* 450 U.S. 248, 252–53, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981) (quoting *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973)) (citations omitted); *see Reeves v. Sanderson Plumbing Prods.,* —— U.S. ——, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000). It is also true that "[t]o establish a prima facie case under the *McDonnell Douglas* framework, [a plaintiff] must demonstrate (1) that she is a member of a protected class; (2) that she was similarly situated to an employee who was not a member of the protected class; and (3) that she and the similarly situated person were treated disparately." *Holbrook v. Reno,* 196 F.3d 255, 261 (D.C.Cir.1999).[3]

None of this, however, has to be accomplished in the complaint itself. Under Federal Rule of Civil Procedure 8(a)(2), a claim need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(e)(1) states that "[e]ach averment of a pleading shall be simple, concise, and direct. No technical forms of pleading or motions are required." And Rule 8(f) instructs that "[a]ll pleadings shall be so construed as to do substantial justice." In *Conley v. Gibson,* the Supreme Court interpreted these rules to mean that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). The Court went on to hold that

> the Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. To the contrary, all the Rules require is "a short and plain statement of the claim" that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.... Such simplified "notice pleading" is made possible by the liberal opportunity for discovery and the other pretrial procedures established by the Rules to disclose more precisely the basis of both claim and defense and to define more narrowly the disputed facts and issues.

*Id.* at 47–48, 78 S.Ct. 99 (citations omitted).

■■ The grounds for the district court's dismissal of Sparrow's complaint are inconsistent with Rule 8 and *Conley.* Sparrow did not have to "make out a prima facie case of discrimination" in his complaint, specifically point to "similarly situated employees who were given preferential treatment over him," or offer "evidence to demonstrate that [United's] reasons for firing him were pretextual." *Sparrow,* slip op. at 17.[4] To the contrary,

---

**3.** Although the *McDonnell Douglas* framework was established for proving racial discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.,* the same framework is used for evaluating claims under 42 U.S.C. § 1981. *See Carney,* 151 F.3d at 1092–93.

**4.** *See Powell v. Ridge,* 189 F.3d 387, 394 (3d Cir.1999); *Ortez v. Washington County,* 88

"[c]omplaints 'need not plead law or match facts to every element of a legal theory.'" *Krieger v. Fadely,* 211 F.3d 134, 136 (D.C.Cir.2000) (quoting *Bennett v. Schmidt,* 153 F.3d 516, 518 (7th Cir.1998)); *see Caribbean Broad. Sys., Ltd. v. Cable & Wireless P.L.C.,* 148 F.3d 1080, 1086 (D.C.Cir.1998) ("[A] plaintiff need not allege all the facts necessary to prove its claim."); *Atchinson v. District of Columbia,* 73 F.3d 418, 421–22 (D.C.Cir.1996) ("A complaint ... need not allege all that a plaintiff must eventually prove ...."); *Sinclair v. Kleindienst,* 711 F.2d 291, 293 (D.C.Cir.1983) ("The Federal Rules of Civil Procedure do not require a claimant to set out the precise facts on which the claim is based .... 'Notice pleading' is sufficient.").

Nor are discrimination or other civil rights complaints different in this regard. *Conley* itself involved a class action by African–American railroad clerks who alleged that their union had breached its duty of fair representation by discriminating against them in violation of their rights under the Railway Labor Act, 45 U.S.C. §§ 151 *et seq.* In reversing the dismissal of the complaint under Rule 12(b)(6), the Court rejected defendant's argument that dismissal was proper because "the complaint failed to set forth specific facts to support its general allegations of discrimination." *Conley,* 355 U.S. at 47, 78 S.Ct. 99. Thirty-five years later, in *Leatherman v. Tarrant County,* the Supreme Court reaffirmed the continuing vitality of *Conley,* rejecting the suggestion that a "'heightened pleading standard'—more stringent than the usual pleading requirements of Rule 8(a)" should apply in civil rights cases brought under 42 U.S.C. § 1983. 507 U.S. at 164, 113 S.Ct. 1160; *see id.* at 167–68, 113 S.Ct. 1160 (citing *Conley,* 355 U.S. at 47, 78 S.Ct. 99).

This court has followed the Supreme Court's lead. In *Atchinson,* for example, we reversed the dismissal of a complaint alleging that a municipality had violated a plaintiff's civil rights by failing to train or supervise its police officers. *See* 73 F.3d at 419. Citing *Conley* and *Leatherman,* we rejected the district court's conclusion that plaintiff's complaint was deficient because it "failed to identify a specific custom, policy statement, or procedure that caused his injuries," and otherwise "failed to state facts supporting" its allegations. *Id.* at 422. It was enough, we said, that plaintiff "alleg[ed] that [the police officer] shot him in broad daylight on a city street so quickly after [plaintiff] was ordered to 'freeze.'" *Id.*

In sum, we agree with the conclusion reached by Judge Easterbrook in *Bennett*: "Because racial discrimination in employment is 'a claim upon which relief can be granted,'.... 'I was turned down for a job because of my race' is all a complaint has to say" to survive a motion to dismiss under Rule 12(b)(6). *Bennett,* 153 F.3d at 518; *see Krieger,* 211 F.3d at 136 (citing *Bennett* with approval).

**B**

█ Plaintiff's complaint readily meets the standard of *Conley* and its progeny. Count Five[5] expressly states that it "is founded upon 42 United States Code § 1981 for a disparate and discriminatory application by the Defendants of the personnel, compensation, and termination policies of Defendant United because of his race." Compl. ¶ 76. It goes on to charge that the "discriminatory, offensive, and invidious treatment which the Plaintiff has experienced" was "motivated and predicated in principal part by a pervasive distaste for the racial ethnicity of the Plaintiff." *Id.* ¶ 77. And, in words that presage the district court's own decision concerning the requirements of a prima facie case, it alleges that "a similarly situated male Caucasian United States citizen employee of

---

F.3d 804, 808 (9th Cir.1996); *Ring v. First Interstate Mortgage, Inc.,* 984 F.2d 924, 926–27 (8th Cir.1993).

5. There are two counts labeled "Five" in the amended complaint. We refer here to the second of the two.

defendant United would not have experienced such disparate treatment culminating in termination." *Id.*

Indeed, the complaint goes into considerably more detail, fleshing out specific claims of both discriminatory failure to promote and discriminatory termination.

■ With respect to promotion, the complaint alleges that there were

continuing violations of public policy in an atmosphere of pervasive racial discrimination beginning with: (a) the failure of the United Air Lines Sales Department in September 1995 to hire the Plaintiff as an Account Representative at the Washington Reservations Center (IADRR); continuing with the refusal to allow the Plaintiff to interview for the vacant position of Manager, Vendor Contracts & Services at the Maintenance Operations Center (SFOPP) and the hiring of a Caucasian who had been unsuccessful in her application to become a peer of the Plaintiff as a Senior Contracts Specialist in May, 1998.

*Id.* at 3. The complaint further alleges that as part of the promotion process, in September 1995 United conducted " 'subjective' performance tests" that it refused to show "were either 'validated,' 'job related,' or 'required by business necessity' as mandated by the various State and Federal Civil rights laws," *id.* ¶ 20–21, and that "all of the 'successful' candidates from the IADRR September Testing session were Caucasian," *id.* ¶ 20.[6] *See id.* ¶ ¶ 33, 36, 38, 43.

With respect to the termination claim, Sparrow alleges that "[t]he conduct of the named Defendants and their coconspirators culminated in the wrongful termination of the Plaintiff, Victor H. Sparrow, III, an African–American male citizen … in violation of the anti-discrimination laws … of the United States." *Id.* at 5. That termination occurred, he alleges, notwithstanding that "[d]uring the period of his employment by Defendant United … the

Plaintiff performed in a skillful and workmanlike manner," receiving "three (3) outstanding 'Employee Performance Reviews' and two (2) competitive promotions." *Id.* at 6; *see id.* ¶ ¶ 14(b), 15. The complaint goes on to state: "The Plaintiff contends that he would not have been terminated had he been a similarly situated Caucasian male," *id.* at 6, and further complains that in firing him, "Defendants failed to follow the termination procedure set out" in United's management handbook, *id.* ¶ 49. This detail was more than was necessary to constitute the "short and plain statement" required by Rule 8(a).

■■ In some cases, it is possible for a plaintiff to plead too much: that is, to plead himself out of court by alleging facts that render success on the merits impossible. *See Bennett,* 153 F.3d at 519. In this case, Sparrow came close to crossing that line by stating in his complaint that: (a) he was convicted of multiple felonies in 1982, *see* Compl. ¶ 1; (b) he answered "no" when asked on his United employment application whether he had ever been convicted of a felony, *id.* ¶ 9; and (c) United advised him that he was being terminated because of his dishonesty in failing to reveal the 1982 convictions, *see id.* ¶ 48. As noted above, under the *McDonnell Douglas* framework, even if a plaintiff succeeds in establishing a prima facie case, an employer can overcome the resulting burden by " 'articulat[ing] some legitimate, nondiscriminatory reason for the employee's rejection.' " *Burdine,* 450 U.S. at 252–53, 101 S.Ct. 1089 (quoting *McDonnell Douglas,* 411 U.S. at 802, 93 S.Ct. 1817). Intentional dishonesty on an employment application surely constitutes such a reason.

But that is not the end of the matter. First, this nondiscriminatory reason would apply at most to Sparrow's termination claim; the complaint does not suggest that United knew of Sparrow's false statement at the time his requests for promotion

---

**6.** Although these paragraphs of the complaint are formally alleged as part of Count One, which charges only breach of contract, they (and all of paragraphs 1–70) are expressly incorporated into Count Five by reference. *See* Compl. ¶ 75.

were rejected. *See McKennon v. Nashville Banner Publ'g Co.*, 513 U.S. 352, 360–63, 115 S.Ct. 879, 130 L.Ed.2d 852 (1995) (holding that after-acquired evidence can serve only to limit remedy, not to preclude liability altogether).[7]

■ Second, even where "the defendant carr[ies] [its] burden" of articulating a nondiscriminatory reason for its actions, "the plaintiff must then have an opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination." *Burdine*, 450 U.S. at 253, 101 S.Ct. 1089; *see Reeves*, ― U.S. at ―, 120 S.Ct. 2097. Although the district court correctly noted that plaintiff had "offered no evidence to demonstrate that [United's] reasons for firing him were pretextual," *Sparrow*, slip op. at 17, Sparrow had not yet had the opportunity to do so. The district court had stayed all discovery pending its decision on the motion to dismiss. *See Sparrow v. United Air Lines, Inc.*, No. 98–02194 (D.D.C. Dec. 22, 1998) (order staying discovery); *cf. Bennett*, 153 F.3d at 519 ("Litigants are entitled to discovery before being put to their proof."). Moreover, plaintiff's complaint did repeatedly allege that his 1982 convictions were "employed as a pretext for termination," and that "a similarly situated Caucasian employee" would not have been terminated on the same grounds. Compl. at 3; *see id.* at 1, 6. As with any other factual allegation in a complaint, we must treat this one as true for purposes of evaluating dismissal under Rule 12(b)(6). *See*

*Leatherman*, 507 U.S. at 164, 113 S.Ct. 1160. A "complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley*, 355 U.S. at 45–46, 78 S.Ct. 99. Although it may be doubtful whether Sparrow ultimately will be able to establish that his conceded dishonesty was a mere pretext, we cannot say it is "beyond doubt" that he can prove no set of facts that would do so.

## II

Before concluding, we briefly consider two additional issues raised by the parties.

■ First, United urges us to reject Sparrow's failure-to-promote claim on the ground that he waived it below. The district court did not dismiss on the ground of waiver, and we do not believe there was one. As we held in Part I, Sparrow's complaint sets forth a claim of discriminatory failure to promote in sufficient detail to survive a motion to dismiss. United contends that Sparrow waived that claim by not arguing it in his opposition to United's Rule 12(b)(6) motion. It was United, however, that failed to argue the point. The company acknowledges that in its motion to dismiss it "did not separately address whether the amended complaint states a claim for race discrimination in promotions." United Br. at 5.[8] In fact, United did not mention the promotion issue at all, addressing only the allegation of discriminatory discharge. *See* United Mem. in Supp. of Mot. to Dismiss at 8.

7. United's brief concedes that the company did not know of plaintiff's dishonesty until September 1997, long after the allegedly discriminatory failures to promote occurred. *See* United Br. at 7–8.

8. United contends that it did not address the failure-to-promote issue because Count Five of the complaint (entitled "Violation of the Federal Civil Rights Act") did "not allege that the lost promotions were caused by race discrimination." United Br. at 5. But as we have noted above, that count did allege violations of 42 U.S.C. § 1981 for "disparate and

discriminatory application by the defendants of the *personnel, compensation, and termination* policies of Defendant United *because of his race.*" Compl. ¶ 76 (emphasis added). And while United is correct that the allegations that plaintiff did not receive three promotions for which he applied were made elsewhere in the complaint, *see id.* ¶¶ 18–20, 33, 35–36, 38, 40–41, 43, those paragraphs were "incorporated by reference" in Count Five "as if fully set out" therein, *id.* ¶ 75. *See supra* note 6; *see also* Compl. at 3 (describing failures to promote as occurring "in an atmosphere of pervasive racial discrimination").

Sparrow, on the other hand, noted United's omission and complained that "Defendants ignore the events alleged to have occurred" in connection with the specific failures to promote. Sparrow Mem. in Opp'n to Mot. to Dismiss at 11.[9] Sparrow then went on to discuss United's argument relating to the allegation of discriminatory discharge. *See id.* at 12–13. Nothing more was required to preserve the failure-to-promote claim.

 Second, Sparrow seeks review of the district court's grant of United's motion for sanctions against him under Federal Rule of Civil Procedure 11. The district court has not yet fixed the amount of sanctions to be imposed. As a consequence, United contends that the sanctions order is not "final" and thus is not reviewable under 28 U.S.C. § 1291, which grants courts of appeals jurisdiction over appeals from final decisions of the district courts. *See Gilda Marx, Inc. v. Wildwood Exercise, Inc.,* 85 F.3d 675, 677 (D.C.Cir.1996). Although we may nonetheless have discretion to exercise pendant jurisdiction to review the non-final Rule 11 order along with the final dismissal under Rule 12(b)(6), *see id.* at 678, we will not exercise that discretion in this case. "[W]e entertain pendant appeals only when substantial considerations of fairness or efficiency demand it," *id.* at 679, and those considerations are absent here. There is no reason to believe that the interest in judicial economy would be served by deciding the sanctions issue now, nor do we have before us a record sufficient to permit a fair determination of its merits. Moreover, since no sanctions have yet been imposed, the plaintiff will not be injured by awaiting final resolution of the issue in the district court.

## III

 We understand why district courts may want to alleviate their crowded dockets by disposing quickly of cases that they believe cannot survive in the long run. But as the Supreme Court held in *Leatherman,* this may not be accomplished by employing heightened pleading standards except in those cases specifically listed in Federal Rule 9(b).[10] Rather, "federal courts and litigants must rely on summary judgment and control of discovery to weed out unmeritorious claims sooner rather than later." *Leatherman,* 507 U.S. at 168–69, 113 S.Ct. 1160; *see Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974) ("[I]t may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test."); *Krieger,* 211 F.3d at 136.

 Under Rule 8, all that is required is that "the complaint give[ ] the defendants fair notice of each claim and its basis." *Atchinson,* 73 F.3d at 422; *see Krieger,* 211 F.3d at 136. We have no doubt that Sparrow's complaint did so. *See* United Br. at 3 (acknowledging that "Sparrow alleged in the amended complaint that he was passed over for three promotions, and that he was ultimately discharged by United because he is African–American"). Accordingly, we reverse the dismissal of plaintiff's section 1981 claims and remand for further proceedings consistent with this opinion.

---

9. *See* Sparrow Mem. in Opp'n at 11 (noting, with citations to paragraphs of the complaint, United's failure to address the "events alleged to have occurred at the Washington Reservations Center or those involving the United Department of Governmental Affairs in Washington, or the denial of an interview opportunity for the Manager of Vendor Contracts").

10. *See Leatherman,* 507 U.S. at 168, 113 S.Ct. 1160 (noting that Rule 9(b) imposes a particularity requirement in only two specific instances: fraud and mistake); FED.R.CIV.P. 9(b) ("In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity.").