**Lieutenant Colonel Arthur D. MILLER, Plaintiff,**

v.

**Louis CALDERA, Secretary of the Army, Defendant.**

**No. CIV.A. 99–3426 (RCL).**

United States District Court, District of Columbia.

March 19, 2001.

Christopher Alexander Sterbenz, Vienna, VA, for Plaintiff.

Herbert Forrest, U.S. Department of Justice, Civil Division, Washington, DC, for Defendant.

### MEMORANDUM OPINION

LAMBERTH, District Judge.

Now before the Court is the defendant's motion for judgment on the pleadings or for summary judgment. The plaintiff, a white male, alleges that he was several times denied a promotion by the defendant's affirmative action policies. The plaintiff opposes the defendant's motion and moves for immediate leave to commence discovery. After a full consideration of the parties' memoranda and the applicable law, the Court GRANTS in part and DENIES in part the defendant's motion.

### BACKGROUND

Lieutenant Colonel Arthur Miller serves in the United States Army Reserve on the retired list. For four consecutive years (1992–1995), he applied for a promotion to the rank of colonel. In each year, the Army's Order of Merit Board ("Merit Board") denied him a promotion. LTC Miller alleges that his failure to be promoted was caused by the Merit Board's "giving of special consideration to minorities and women." Complaint for Miller, Dec. 23, 1999, at ¶ 20.

The Army claims that it is entitled to judgment on the pleadings, or in the alternative, to summary judgment. Specifically, the Army argues that Miller does not have standing to pursue his claim, since he would not have received a promotion even in the absence of the equal opportunity policies. As well, the Army argues that the application of the equal opportunity policies in question did not put him on an unequal footing with other candidates.

### ANALYSIS

**II. The Plaintiff's Claim Based on the Army's Equal Opportunity Policy**

■ The Court finds that the plaintiff's complaint states a claim for which relief can be granted and therefore denies the defendant's motion for judgment on the pleadings.

 It is axiomatic in the era of notice pleading that a plaintiff need only provide "a short, plain statement of the claim" such that "the defendant [will have] fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, (D.C.Cir.2000) (quoting Fed. R.Civ.P. 8(a)); *see also Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Thus, a complaint "need not plead law or match facts to every element of a legal theory." *Krieger v. Fadely*, 211 F.3d 134, 136 (D.C.Cir.2000) (quoting *Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir.1998)); *see also Caribbean Broad. Sys., Ltd. v. Cable & Wireless P.L.C.*, 148 F.3d 1080, 1086 (D.C.Cir.1998) ("[A] plaintiff need not allege all the facts necessary to prove its claim."); *Atchinson v. District of Columbia*, 73 F.3d 418, 421–22 (D.C.Cir. 1996) ("A complaint . . . need not allege all that a plaintiff must eventually prove."). As Judge Easterbrook put it in the employment discrimination context:

> Because racial discrimination in employment is 'a claim upon which relief can be granted,'. . . . 'I was turned down for a job because of my race' is all a complaint has to say to survive a motion to dismiss under Rule 12(b)(6).'

*Sparrow*, 216 F.3d at 1114 (quoting *Bennett*, 153 F.3d at 518).

 The Court finds that the plaintiff has met this minimal threshold. Racial and gender discrimination in promotion are, of course, claims "upon which relief can be granted," and the plaintiff's statement that the defendant's racial and gender preferences denied him a promotion thus squarely states a claim.[1]

## III. The Plaintiff's Claim for an Injunction Enjoining the Army from Practicing its Equal Opportunity Policy

Although the Court finds that the plaintiff properly states a claim, the Court nonetheless finds that the plaintiff lacks standing to seek a prospective injunction. Accordingly, the claim for this relief must be dismissed.

 To have standing, a plaintiff must show:

> (1) injury in fact, by which we mean an invasion of a legally protected interest that is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical; (2) a causal relationship between the injury and the challenged conduct, by which we mean the injury fairly can be traced to the challenged action of the defendant and has not resulted from the independent action of some third party not before the court; . . . and (3) a likelihood that the injury will be redressed by a favorable decision.

*Northeastern Fla. Chapter of the Associated Gen. Contractors of Am. v. City of Jacksonville*, 508 U.S. 656, 663, 113 S.Ct. 2297, 124 L.Ed.2d 586 (1993) (citations and internal quotation marks omitted) (analyzing a plaintiff's standing in an equal pro-

---

**1.** The Court is not oblivious to the defendant's affidavits suggesting that the plaintiff lacked sufficient qualifications to be promoted, regardless of the equal opportunity policy. While the defendant correctly cites the rule that a Court may rule on the pleadings without allowing discovery, the plaintiff fails to cite the well-known corollary to this rule: the decision to delay judgment on the merits and order discovery is committed to the "sound discretion of the district court judge." *White v. Fraternal Order of Police*, 909 F.2d 512, 517 (D.C.Cir.1990). The Court finds that a period of discovery is necessary in this instance to further elucidate the essential issues of this case. If, as the defendant claims, the essential issues are uncontroverted, a period of discovery will not unduly delay the final disposition of the case.

tection challenge to an affirmative action program); *see also Friends of the Earth, Inc. v. Laidlaw Environmental Servs.,* 528 U.S. 167, 189, 120 S.Ct. 693, 145 L.Ed.2d 610 (2000).

■ The third factor, the likelihood of redress, takes on a slightly varied form when a party is seeking prospective relief. As the Supreme Court has stated, "[i]n a lawsuit brought to force compliance, it is the plaintiff's burden to establish standing by demonstrating that, if unchecked by the litigation, the defendant's allegedly wrongful behavior will likely occur or continue, and that the 'threatened injury is certainly impending.'" *Friends of the Earth,* 528 U.S. at 190, 120 S.Ct. 693 (quoting *Whitmore v. Arkansas,* 495 U.S. 149, 158, 110 S.Ct. 1717, 109 L.Ed.2d 135 (1990)). Thus, in *Los Angeles v. Lyons,* 461 U.S. 95, 105–110, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983), the Supreme Court held that a plaintiff lacked standing to seek an injunction against a policy sanctioning police chokeholds because he could not "credibly allege that he faced a realistic threat arising from the policy." *Friends of the Earth,* 528 U.S. at 190, 120 S.Ct. 693 (summarizing the holding in *Lyons* ).

■ Against this backdrop of precedent, it is clear that the plaintiff lacks standing to pursue the prospective relief he has sought. The facts are clear that the plaintiff retired from active duty on October 31, 1997. Because he is therefore no longer subject to the Army's promotion policies, there is no possibility that a "threatened injury is certainly impending." If the Army were to re-institute the disputed policy at some point, the plaintiff would not be harmed in any way outside of his "ideological interest," a harm that has long been recognized as insufficient for standing. *Albuquerque Indian* Rights *v. Lujan,* 930 F.2d 49, 55 (D.C.Cir.1991). Thus, the plaintiff's claim for forward-looking re-

lief must be dismissed under Federal Rule of Civil Procedure 12(b)(1) because he lacks standing sufficient for this Court to have jurisdiction over his claim.

## IV. The Plaintiff's ABCMR Claim

The plaintiff claims that the Army Board for the Correction of Military Records ("ABCMR") acted arbitrarily and capriciously in denying his request for a correction of his military records. The ABCMR found that there was no evidence showing that the plaintiff was discriminated against in any way.

■ The Court expresses no view at this time on the merits of the plaintiff's ABCMR claim. Although the ABCMR has broad discretion to decide the requests in front of it as it sees fit, it does not have discretion to act contrary to the Fifth Amendment. It would obviously be an abuse of discretion for the ABCMR to affirm a Merit Board decision that was made in violation of the Fifth Amendment. Thus, because the constitutionality of the Merit Board's policy and practices have yet to be determined, the Court cannot rule on the lawfulness of the ABCMR's decision.

### CONCLUSION

In summary, the Court finds that the plaintiff has stated a claim upon which relief can be granted, except with regard to his claim for prospective injunctive relief. An order consistent with this Memorandum Opinion shall issue this date.

### ORDER

Consistent with the Memorandum Opinion issued this date, it is hereby

ORDERED that the defendant's motion for judgment on the pleadings [18–1,2] is GRANTED with respect to the plaintiff's prayer for prospective injunctive relief and

DENIED in all other respects; further, it is

ORDERED that the plaintiff's prayer for prospective injunctive relief is DISMISSED WITH PREJUDICE; further, it is

ORDERED that the defendant's motion to extend time filed on November 24, 2000 [24–1] is GRANTED; further, it is

ORDERED that the plaintiff's motion for leave to file an amended complaint [27–1] is GRANTED; further, it is

ORDERED that the plaintiff's motion for an oral hearing on the defendant's dispositive motion [26–1] is DENIED; further, it is

ORDERED that the parties shall, within 10 days of this date, meet and confer pursuant to Local Civil Rule 16.3 and provide a report and proposed scheduling order to govern further proceedings.

SO ORDERED.