Linda R. TRIPP, Plaintiff,

v.

DEPARTMENT OF DEFENSE, Defendant.

No. Civ.A. 99-2554(EGS).

United States District Court, District of Columbia.

Aug. 28, 2002.

Stephen M. Kohn, David K. Colapinto, Kohn, Kohn & Colapinto, P.C., Washington, DC, for Linda R. Tripp.

Sylvia T. Kaser, Vesper Mei, U.S. Department of Justice, Civil Division, Washington, DC, Anne L. Weisman, U.S. Dept. of Justice, Washington, DC, for Executive Office of President, Dept. of Defense.

Sylvia T. Kaser, Vesper Mei, U.S. Department of Justice, Civil Division, Washington, DC, William James Murphy, Murphy & Shaffer, Baltimore, MD, for Clifford Bernath.

James Anthony Noone, William Joseph Hardy, Karalekas & Noone, Washington, DC, Sylvia T. Kaser, Vesper Mei, U.S. Department of Justice, Civil Division, Washington, DC, for Clifford Bernath.

Sylvia T. Kaser, Vesper Mei, U.S. Department of Justice, Civil Division, Washington, DC, for Jane & John Does 1–99, Federal Bureau of Investigation.

Laura R. Handman, Davis Wright Tremaine, Washington, DC, for Harold M. Ickes, Janice Enright.

## MEMORANDUM OPINION AND ORDER

SULLIVAN, District Judge.

Plaintiff Linda Tripp filed this lawsuit against several federal defendants seeking declaratory and injunctive relief for violations of the Privacy Act, 5 U.S.C. § 552a *et seq.* The remaining defendant, the Department of Defense ("DOD"), has moved to dismiss Tripp's Second Amended Complaint, or in the alternative, has moved for summary judgment.

Upon consideration of defendant's motion, the response and reply thereto, as well as the applicable statutory and case law, this Court denies the motion to dismiss.

## BACKGROUND

Plaintiff filed her initial Complaint on September 27, 1999. In that initial Complaint, the plaintiff alleged willful and intentional violations of the Privacy Act of 1974 against several defendants including her former employer, DOD. Plaintiff specifically alleged that DOD personnel improperly disclosed her answer to a question concerning her arrest record on a security clearance form to a reporter for *The New Yorker*, Ms. Jane Mayer, in mid-March 1998. *See* Complaint of September 27, 1999, ¶¶ 54–70. The plaintiff alleged violations of the Privacy Act of 1974 by the defendant, namely 5 U.S.C. § 552a(e)(6),

(e)(7), (e)(9), and (e)(10). *See* Complaint of September 27, 1999, ¶¶ 71–78.

On January 14, 2000, plaintiff filed her First Amended Complaint. The First Amended Complaint largely contains the factual allegations and claims made against defendant DOD that were included in her initial complaint. The detailed factual allegations with respect to the Privacy Act violation pertained to the improper disclosure of plaintiff's confidential personnel information to *The New Yorker* journalist.

DOD subsequently conceded liability for the particular disclosure to *The New Yorker* journalist as a violation of the anti-disclosure provision of the Privacy Act, 5 U.S.C. § 552a(b). *See* DOD's Mem. in Support of Mot. to Dismiss of February 1, 2002, ¶ 1. After DOD made this concession, a dispute arose between the parties as to whether plaintiff's claims against DOD pursuant to the Privacy Act were broader than this one violation. Defendant maintained that their concession resolved any remaining issue of liability and the Court should proceed to a hearing on damages. Plaintiff contended that she had raised other Privacy Act claims in her original Complaint and First Amended Complaint beyond those arising out of the disclosure to the *New Yorker*. At a hearing before the Court held on January 10, 2002, it became clear to the Court that this dispute over the scope of the First Amended Complaint and DOD's concession of liability must be resolved in order to determine the scope of discovery in this case. The Court granted plaintiff permission to file a Second Amended Complaint to allege all her claims with detailed particularity.

Plaintiff filed a Second Amended Complaint on January 18, 2002. In that Second Amended Complaint, plaintiff repeated all of her earlier claims under the Privacy Act, and added a claim under 5 U.S.C. § 552a(c), alleging that DOD failed to make the required accounting for disclosures of the Privacy Act protected information. In addition, plaintiff detailed the following factual allegations that were not mentioned in either of her previous two complaints:

1. DOD improperly disclosed, between January 1998 and March 15, 1998, to journalists and/or other "third persons," that plaintiff had applied, and been placed on a "certified list" of eligible finalists, for a position as a government liaison to the 2002 Winter Olympic Games in Salt Lake City. This information was later reported by *The New York Post* on February 22, 1998, and in *The New York Times* on March 15, 1998. *See* Plaintiff's Second Amended Complaint ¶¶ 30–36.

2. Deputy Assistant Secretary of Defense Clifford Bernath improperly disclosed, on or about March 13, 1998, information contained on Plaintiff's Department of Defense Form 398 "Personal Security Questionnaires" [hereinafter DD Form 398] to Mr. Aaron Retica, a fact-checker employed by *The New Yorker*, pursuant to the aforementioned article written by Ms. Jane Mayer. *See* Plaintiff's Second Amended Complaint ¶¶ 53 and ¶¶ 40–57.

3. DOD improperly disclosed, on or about March 13 or 14, 1998, plaintiff's confidential personnel information to Elaine Sciolino, a journalist for *The New York Times*. These improper disclosures allegedly included information contained on Plaintiff's DD Form 398 and the fact that an DOD had commenced an official investigation of plaintiff. *See* Plaintiff's Second Amended Complaint ¶ 62.

4. During a March 15, 1998 appearance on *CNN's Late Edition with Wolf Blitzer*, former Secretary of Defense William Cohen allegedly made "additional, unauthorized disclosures of" information protected by the Privacy Act, "including disclosures pertaining to an investigation of the Plaintiff for being untruthful." *See* Plaintiff's Second Amended Complaint ¶ 63.

5. DOD made several improper disclosures over the weekend of March 14–15, 1998, including disclosures made by an employee of the DOD Office of Public Affairs, Lt. Comdr. James Graybeal to the Associated Press and *The Washington Post* concerning information contained on Plaintiff's DD Form 398, and other disclosures that the plaintiff was under investigation and could be subject to serious consequences for lying on her security clearance form. *See* Plaintiff's Second Amended Complaint ¶ 63.

6. DOD improperly included in documents created by DOD spokespersons the manner in which plaintiff exercised her First Amendment rights as a witness in separate court cases and proceedings before the Office of the Independent Counsel. *See* Plaintiff's Second Amended Complaint ¶ 66.

7. Pentagon spokesperson Dick Bridges improperly disclosed confidential information about plaintiff and the existence of a DOD investigation of plaintiff during several press briefings from March 16 to March 20, 1998. *See* Plaintiff's Second Amended Complaint ¶ 68.

8. Former Secretary Cohen improperly disclosed confidential information from Plaintiff's DD Form 398 on or about March 17, 1998 at a press briefing. *See* Plaintiff's Second Amended Complaint ¶ 70.

9. Pentagon spokesperson Tom Surface improperly disclosed confidential information about plaintiff and/or the existence of a DOD investigation of plaintiff by on or about March 18, 1998. *See* Plaintiff's Second Amended Complaint ¶ 71.

10. DOD willfully and intentionally disclosed information contained in plaintiff's confidential records to unspecified third parties between January 1998 and January 2000. *See* Plaintiff's Second Amended Complaint ¶ 73.

11. DOD improperly trained DOD Public Affairs officials and/or spokespersons, specifically Lt. Comdr. James Graybeal, Dick Bridges, and Tom Surface, concerning the appropriateness of releasing plaintiff's confidential information and/or announcing the commencement of an official DOD investigation of the plaintiff. *See* Plaintiff's Second Amended Complaint ¶¶ 65, 69, 72.

On February 1, 2002, DOD moved to dismiss plaintiff's Second Amended Complaint, or in the alternative for summary judgment. DOD argues that the new factual allegations raised in plaintiff's Second Amended Complaint are time-barred, plaintiff's allegations of several improper disclosures of the same information are not cognizable claims as separate violations of the Privacy Act, plaintiff has alleged legal conclusions, and plaintiff's claims lack the requisite factual specificity. After several extensions of time, the motion was fully briefed as of April 5, 2002.

## DISCUSSION

### I. Standard of Review for Motions to Dismiss and for Summary Judgment

The Court will not grant a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *See Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C.Cir.1994). Accordingly, at this stage in the proceedings, the Court accepts as true all of the Complaint's factual allegations. *See Doe v. United States Dep't of Justice*, 753 F.2d 1092, 1102 (D.C.Cir.1985). Plaintiff is entitled to "the benefit of all inferences that can be derived from the facts alleged." *Kowal*, 16 F.3d at 1276.

Summary judgment should be granted only if the moving party has shown that there is no genuine issue of material fact and that the moving party is entitled to judgement as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

### II. Statute of Limitations

The statute of limitations for Privacy Act claims is two years. *See* 5 U.S.C. § 552a(g)(5). The conduct at issue in this case allegedly occurred mostly during a two-month period in 1998. While the first two complaints were filed within two years of this conduct, the Second Amended Complaint was not filed until January of 2002, approximately four years later. Defendant argues that any Privacy Act claims arising out of plaintiff's additional factual allegations, specified for the first time in her Second Amended Complaint, are time-barred because the cause of action arose four years prior to the filing of that complaint. *See Tijerina v. Walters*, 821 F.2d 789 (D.C.Cir.1987) (a Privacy Act cause of action arises and statute of limitations begins to run when a plaintiff knows or should have known of the alleged violation). Plaintiff responds that all of the claims in the Second Amended Complaint were encompassed in the earlier pleadings, and in the alternative should be considered to relate back to her earlier-filed complaints. In addition to the factual allegations, defendant argues that several claims pursuant to specific Privacy Act provisions were also raised for the first time in the Second Amended Complaint and are also time-barred. Plaintiff responds again that these claims were actually pled with sufficient specificity in the original complaint, or should be held to relate back to that complaint.

### A. *Sufficiency of Original Pleadings*

■ Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only a "short and plain" statement of a claim for relief. *See generally Swierkiewicz v. Sorema*, 534 U.S. 506, 122 S.Ct. 992, 998, 152 L.Ed.2d 1 (2002). Privacy Act claims are no exception to this liberal pleading standard. *See Krieger v. Fadely*, 211 F.3d 134, 136 (D.C.Cir.2000). In *Krieger*, the plaintiff alleged only that

> [t]rough acts and omissions of Defendant Fadely within the scope of her employment, Defendant DOJ wrongfully disclosed to unauthorized person records containing Plaintiff subject to protection under the Privacy Act, 5 U.S.C. § 552(a)(b).

211 F.3d at 136. The District Court dismissed the complaint because the plaintiff

failed to identify the records or information that had been disclosed. The Circuit Court reversed this holding, stating

> If his lawsuit went forward, there would come a time when Krieger would have to identify the particular records Fadely unlawfully disclosed. But that point surely was not as early as the pleading stage. Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only a 'short and plain' statement of the claim for relief. *Factual detail is unnecessary.*

211 F.3d at 136 (emphasis added). The *Krieger* court further elaborated that a plaintiff need not identify or allege with specificity the records that were released. Consistent with this very liberal pleading standard, a court should not use Rule 12(b)(6) "to weed out what appear to be factually deficient cases...." *Krieger,* 211 F.3d at 136.

Plaintiff's original Complaint did not provide specific factual notice of Privacy Act claims arising out of disclosures of information on plaintiff's security forms to individuals other than those who were employed by the *New Yorker.* However, the Complaint did state

> Between *January 1998 and the present* [i.e., September 27, 1999], defendant DOD, through its officers, employees, agents and representatives, *has regularly and intentionally and willfully disseminated on numerous occasions,* both orally and in writing *to unauthorized persons, members of the public and the news media,* without plaintiff's consent, *the contents of records relating to plaintiff* that are maintained by defendant DOD in a system of records.

Plaintiff's Initial Complaint of September 27, 1999, ¶ 53 (emphasis added). This statement is no less detailed than the statement approved by the D.C. Circuit in *Krieger.* Contrary to defendants' arguments, pursuant to the holding of *Krieger,* plaintiff does not need to allege her Privacy Act claims with any further specificity. *Krieger,* 211 F.3d at 136; *see also Tripp v. Department of Defense,* 193 F.Supp.2d 229, 237 (D.D.C.2002). Defendants were on notice that plaintiff was alleging repeated disclosures of information related to plaintiff from her personnel files and maintained in a Privacy Act system of records by the DOD during 1998. This allegation is not limited to the lone disclosure of information from plaintiff's security clearance form to *the New Yorker* reporter. The additional factual allegations specified in plaintiff's Second Amended Complaint fall within the above description of the repeated improper disclosure by DOD of information related to the plaintiff during the 1998 timeframe. Plaintiff's later factual allegations simply elaborate and amplify the legally sufficient short and plain statement of a Privacy Act claim contained in her initial complaint.

Defendant urges this Court to rely on this Court's dismissal of a Privacy Act claim in *Flowers v. Executive Office of the President,* 142 F.Supp.2d 38 (D.D.C.2001). This Court in *Flowers* held that plaintiff's Privacy Act claim should be dismissed because she failed to allege any facts that would establish the Court's subject matter jurisdiction. 142 F.Supp.2d at 45. In particular, plaintiff failed to allege the specific time-frame during which the alleged improper disclosures were to have occurred. *Id.* at 45–46. In contrast, plaintiff in this case has clearly alleged that the disclosures in question occurred during 1998, which was well within the limitations period of her first Complaint filed in 1999. Insofar as *Flowers* also went on to hold that the Court would also dismiss plaintiff's complaint for failing to allege sufficient facts to support her claim, that analysis is dicta, and fails to account for the D.C. Circuit's earlier holding in *Krieger,*

211 F.3d at 136. 142 F.Supp.2d at 46–47. Insofar as *Krieger* and *Flowers* conflict, this Court is bound to apply *Krieger*.

The defendant attempts to distinguish *Krieger* by arguing that *Krieger* is limited to the proposition that a plaintiff need not plead factual allegations to support each element of a claim, but does not stand for the proposition that a plaintiff can plead no factual allegations to support a claim. Defendant argues that plaintiff's allegations in her initial Complaint provide nothing but legal conclusions. While this Court agrees that *Krieger* does not stand for the proposition that a plaintiff need not plead *any* facts to support a claim, that is not what has occurred here. Plaintiff has alleged that during a specific time period a specific defendant repeatedly released information about plaintiff to the press and public that is contained in a Privacy Act system of records, including but not limited to the contents of plaintiff's security forms and other personnel files. *See* Complaint of September 27, 1999 at ¶¶ 52, 53, 71, 72, 73, 74, 75. These are factual allegations that support a claim of illegal disclosure pursuant to the Privacy Act, 5 U.S.C. § 552. Pursuant to *Krieger*, and later cases interpreting the Rule 8 pleading standard, including *Swierkiewicz v. Sorema*, 534 U.S. 506, 122 S.Ct. 992, 998, 152 L.Ed.2d 1 (2002), and *Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111 (D.C.Cir. 2000), this short and plain statement of the claim is sufficient to put defendants on notice. Rule 8 does not require plaintiff to plead facts to further elaborate which records were released, by which DOD officials, to which members of the press or public, or on which specific dates.

In addition to arguing that plaintiff's additional factual allegations of improper disclosures are time-barred, defendants also argue that several legal claims pursuant to specific Privacy Act sections are time-barred because plaintiff failed to sufficiently allege these claims in her initial complaint. These claims include violations of 5 U.S.C. §§ 552a(c), (e)(6), (e)(7), (e)(9), and (e)(10).

Defendant admits that plaintiff did include allegations of violations of the inaccuracy, § 552a(e)(6), unlawful maintenance of records of plaintiff's First Amendment activities, § 552a(e)(7), failure to establish rules of conduct, § 552a(e)(9), and failure to establish appropriate safeguards, § 552a(e)(10) in both the original Complaint and First Amended Complaint. Defendant argues that plaintiff's earlier pleadings did not pled these claims with sufficient factual specificity. Although the statements of claims based on these provisions are indeed "short and plain," they are sufficient for purposes of Rule 8. Any additional factual information included in the Second Amended Complaint is simply elaboration.

There is one provision of the Privacy Act included in the Second Amended Complaint that was not alleged in the prior two complaints, 5 U.S.C. §§ 552a(c), which requires an accounting of disclosures. Because that claim was not raised in the complaints filed within the limitations period, this Court must consider whether the later claim can relate back to the date of the earlier complaint.

### B. *Relation Back*

Federal Rule of Civil Procedure 15(c) allows allegations in an amended complaint to relate back to the date of the original complaint if the claims or defenses asserted in the amended pleading "arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Fed. R.Civ.P. 15(c). This Court has generally refused to allow amended complaints alleging actionable claims to relate back to

initial complaints if such claims were not previously mentioned in the original complaint and were not based on the same set of facts. *See Caudle v. Thomason,* 942 F.Supp. 635 (D.D.C.1996) (rejecting relation back of amended complaint seeking damages for slander, when the original complaint only sought damages for libel and did not make any reference to slanderous remarks by an individual implicated in the amended complaint); *Construction Interior Systems, Inc. v. Donohoe Companies, Inc.,* 813 F.Supp. 29 (D.D.C. 1992) (holding that subcontractor's tortious interference with contractual rights claim against contractor relating to dealings with certain hotel operators did not relate back to initial complaint for breach of contract and unjust enrichment that arose solely from work done at a different hotel); *Foretich v. Glamour,* 753 F.Supp. 955, 962–63 (D.D.C.1990) (barring by applicable one-year statute of limitations amended complaint for defamation and intentional infliction of emotional distress based on republication of article that was subject of the initial complaint, but where initial complaint failed to give adequate notice of republication claim). Where the amended complaint was logically related to, and sought recovery for, the same alleged violations of the law in the initial complaint, this Court has also allowed the later complaint to relate back to the earlier. *See e.g., Kun v. Finnegan, Henderson, Farabow, Garrett & Dunner,* 949 F.Supp. 13, 16 (D.D.C.1996) (holding that employee's poorly drafted amended complaint filed after the expiration of prescribed limitations period nevertheless related back to earlier timely filed Title VII complaint because it sought recovery for the same alleged acts of employment discrimination set forth in the earlier complaint); *see also Miller v. Air Line Pilots Association International,* 2000 WL 362042 (D.D.C.2000) (allowing amendment of initial complaint on remand where amendments "related back" to original complaint, and noting that " 'as a general rule, plaintiffs should be liberally allowed to set up new facts which really are part of the original case' ").

■ Plaintiff's improper accounting claim pursuant to the one provision of the Privacy Act that was added in the Second Amended Complaint, 5 U.S.C. § 552a(c), arises out of the same conduct and occurrences alleged in the initial Complaint. The original Complaint generally alleges repeated improper disclosures of Privacy-Act protected information about plaintiff and it is those disclosures for which plaintiff now alleges that DOD failed to account, in violation of § 552a(c). This claim is directly related to the earlier allegations and therefore meets the Rule 15(c) relation back standard.[1]

For all these reasons, none of the claims alleged in plaintiff's Second Amended Complaint are barred by the two-year statute of limitations. Defendant's motion to dismiss for lack of jurisdiction pursuant to 12(b)(1) is therefore denied.

### III. Insufficiency of Factual Allegations

In addition to moving to dismiss pursuant to Rule 12(b)(1) for lack of jurisdiction on statute of limitations grounds, defendant has also moved to dismiss pursuant to Rule 12(b)(6) on the grounds that plaintiff has failed to state her claims with the

---

1. Furthermore, even if the original Complaint could not be said to encompass the later factual allegations discussed above, because plaintiff's allegations arise from and are related to the same conduct set forth in the initial complaint—the disclosure by DOD of information from plaintiff's personnel records—those later claims would also relate back to the date of the initial complaint.

requisite factual specificity. As discussed above, all of the claims in plaintiff's Second Amended Complaint are alleged with sufficient specificity to satisfy the liberal Rule 8 pleading standard. Defendant's motion to dismiss on these grounds is also denied.

## IV. *Allegations of Repeat Disclosures of Same Information*

Relying on *Tomasello v. Rubin,* 167 F.3d 612 (D.C.Cir.1999), defendant argues that plaintiff's allegations of multiple disclosures of information on her security clearance form should be aggregated for purposes of Privacy Act liability into one claim. *Tomasello* provides no support for this argument. *Liability* under the Privacy Act for multiple disclosures of the same information was not at issue in *Tomasello.* Rather, Tomasello concerned the proper interpretation of the *damages* provision of the Privacy Act after liability has been determined. The defendant in that case was held liable for two violations of the improper disclosure provision of the Privacy Act. The question before the D.C. Circuit was whether the District Court properly held that a letter faxed to 4,500 individuals does not warrant 4,500 awards of $1,000 pursuant to the damages provision. The Court in no way indicated that its interpretation of the damages provision in some way was relevant to the question of liability. Plaintiff has alleged multiple illegal disclosures by DOD officials. Plaintiff will have the opportunity, after discovery, to attempt to prove via sufficient evidence as many Privacy Act violations as she believes she can prove. Nothing in the statute, nor the precedent cited by defendant, has persuaded this Court to rule as a matter of law that plaintiff must proceed on only one claim.

## V. *Disclosure of Information Related to Possible Investigation of Plaintiff*

█  Plaintiff has alleged Privacy Act violations based on disclosure by DOD offi-cials of a potential investigation into plaintiff's allegedly false statements on her security clearance forms. Defendant has moved to dismiss any Privacy Act claims arising out of the alleged disclosure of the fact of this investigation pursuant to Rule 12(b)(6). Defendant argues that plaintiff has failed to state a claim because plaintiff is in essence challenging the accuracy of the statements made to the press by DOD officials regarding the existence of a potential investigation. Plaintiff has alleged that there was no such investigation, and that defendant inaccurately indicated that there was. Defendant's arguments go to the merits of plaintiff's Privacy Act claims, and are more appropriately raised at the summary judgment stage rather than by a motion to dismiss. Plaintiff has alleged that the information related to an investigation of her security clearance form responses was found in a Privacy Act system of records and was improperly disclosed. Regardless of the likelihood of plaintiff prevailing on this claim, plaintiff has raised sufficient allegations to survive a motion to dismiss.

## VI. *Summary Judgment*

Despite filing a Motion to Dismiss or in the Alternative for Summary Judgment, defendant has not specifically moved for summary judgment with respect to plaintiff's claims. Defendant's arguments in its Memorandum in support of the motion all go to dismissal pursuant to Rules 12(b)(1) and 12(b)(6). The sole mention of summary judgment is in the final sentence of the Memorandum, where defendant urges the Court to grant summary judgment should it rely on materials outside the pleading or documents incorporated into the pleading by reference. Insofar as defendant has attempted to move for summary judgment without providing any ar-

gument as to why this Court should grant judgment in its favor, that motion is denied. Summary judgment may be revisited as appropriate at the end of discovery.

## CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED** that defendant's motion to dismiss or in the alternative for summary judgment is **DENIED;** it is

**FURTHER ORDERED** that defendant shall file an appropriate responsive pleading to plaintiff's Second Amended Complaint by no later than **September 18, 2002;** it is

**FURTHER ORDERED** that the parties shall meet and attempt to resolve their differences with respect to the further discovery required in this case, in light of this Memorandum Opinion, by no later than **September 24, 2002;** it is

**FURTHER ORDERED** that the parties shall attempt to jointly submit a discovery plan to this Court by no later than **September 27, 2002;** it is

**FURTHER ORDERED** that in the event that the parties disagree as to the scope of discovery, the parties shall submit separate plans that discuss the nature of their disagreement; it is

**FURTHER ORDERED** that a status hearing shall be held on **October 4, 2002 at 10:15 a.m.** in **Courtroom One.**

**IT IS SO ORDERED.**