**Queen E. GLYMPH, Plaintiff,**

v.

**DISTRICT OF COLUMBIA, Defendant.**

**Civ.A. No. 01–1333(RMU).**

United States District Court,
District of Columbia.

Nov. 26, 2001.

Richard L. Swick, Swick & Shapiro, P.C., Washington, D.C., for plaintiff.

Tonya A. Robinson, Ross M. Buchholz, Assistant Corporation Counsel, Washington, D.C., for defendant.

### MEMORANDUM OPINION

URBINA, District Judge.

DENYING THE DEFENDANT'S PARTIAL MOTION TO DISMISS THE TITLE VII CLAIM; ORDERING FURTHER BRIEFING ON THE DEFENDANT'S PARTIAL MOTION TO DISMISS THE SECTION 1981 CLAIM

### I. INTRODUCTION

On June 6, 2001, Queen E. Glymph ("the plaintiff" or "Ms. Glymph") filed a complaint alleging employment discrimination against the District of Columbia Department of Human Services, Commission on Mental Health Services ("the defendant" or "the District of Columbia") pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981 ("section 1981"), the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12111 et seq. ("the ADA"), and the Rehabilitation Act of 1973, 29 U.S.C. § 701 et seq. ("the Rehabilitation Act"). The plaintiff claims that the defendant discriminated against her when the defendant did not accommodate her medical disability and terminated her position when she could not return to work on a full-time basis. The plaintiff also alleges that the defendant retaliated against her for participating in a discrimination case filed against the District of Columbia.

On August 14, 2001, the defendant filed a partial motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that Ms. Glymph has failed to allege discrimination based on race, color, religion, sex or national origin under Title VII and section 1981. After reviewing the submissions of both parties, the court concludes that as a matter of law, the complaint can survive the defendant's motion to dismiss the retaliation claim under Title VII, and will therefore deny the defendant's partial motion to dismiss the Title VII claim. In addition, the court concludes that the parties have inadequately addressed the defendant's partial motion to dismiss the section 1981 claim and will order further briefing on that issue.

### II. BACKGROUND

Ms. Glymph, 53, began her career in June 1987 as a Mental Health Coordinator in the District of Columbia. See Compl. at 4. On May 17, 1995, she was involved in an on-the-job car accident and sustained an injury that prevented her from performing

her normal work duties as a program analyst. *See id.* On April 15, 1997, the District of Columbia sent Ms. Glymph a notice of proposal to remove her from her program-analyst position. *See id.* She then attempted to return to work, but could not maintain her traditional work schedule. *See id.* Ms. Glymph informed her employer that she could only work on a part-time basis until she recovered from her injury. *See id.* at 5. On June 9, 1997, the District of Columbia informed Ms. Glymph that it could not accommodate her proposed limited work schedule and instructed her to continue seeking coverage from the D.C. Workers' Compensation program until she could return to her duties full-time. *See id.* On December 9, 1997 and October 1, 1998, Ms. Glymph's physician sent the District of Columbia a "Return to Work Plan," which would have allowed her to return to work on a gradual basis. *See id.* The District of Columbia informed Ms. Glymph that she could not return to her position until she could work a full eight-hour day. *See id.* On July 29, 2000, the District of Columbia terminated her employment. *See id.* at 6. Ms. Glymph claims that she was discriminated against by the District of Columbia on the basis of her medical disability caused by the 1995 automobile accident. *See id.*

Between 1996 and 1999, Ms. Glymph participated as a witness in a race-discrimination case in the District of Columbia, styled *Wondafrash v. D.C. Government,* C.A. No. 96–1272. *See* Compl. at 6. She alleges that her participation in the case also played a role in the District of Columbia's decision to fire her. *See id.*

### III. ANALYSIS

### A. Legal Standard for 12(b)(6) Motion to Dismiss

For a complaint to survive a Rule 12(b)(6) motion to dismiss, it need only provide a short and plain statement of the claim and the grounds on which it rests. *See* FED.R.CIV.P. 8(a)(2); *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). A motion to dismiss under 12(b)(6) tests not whether the plaintiff will prevail on the merits, but instead whether the plaintiff has properly stated a claim. *See* FED.R.CIV.P. 12(b)(6); *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), *overruled on other grounds by Harlow v. Fitzgerald,* 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). Thus, the court may dismiss a complaint for failure to state a claim only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. *See Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984); *Atchinson v. D.C.,* 73 F.3d 418, 422 (D.C.Cir.1996). In deciding such a motion, the court must accept all the complaint's well-pled factual allegations as true and draw all reasonable inferences in the nonmovant's favor. *See Scheuer,* 416 U.S. at 236, 94 S.Ct. 1683.

### B. The Plaintiff States a Claim on Which Relief May Be Granted Under Title VII

In its partial motion to dismiss, the defendant argues that the plaintiff has failed to establish a cause of action pursuant to Title VII. *See* Mot.Dis. at 5. Specifically, the defendant asserts that the scope of Title VII litigation is limited to discrimination based on race, color, religion, sex, or national origin, and does not address discrimination based on medical disability. *See id.* The defendant contends that since there is no mention of race, color, religion, or national origin in the plaintiff's complaint, and that since there is no allegation in the complaint that Ms. Glymph was discriminated against on the basis of her sex, she cannot pursue a claim of discrimination under Title VII. *See id.*

The defendant however, fails to recognize that while the plaintiff never alleges a claim based on race, color, religion, sex, or national origin in her complaint, she does allege retaliation in violation of Title VII for her participation in a prior protected activity. *See* Compl. at 6. Specifically, the plaintiff claims that the defendant terminated her not only because of her medical disability, but also because she served as a witness in a race-discrimination suit against the District of Columbia between 1996 and 1999. *See id.* Therefore, the court denies the defendant's motion to dismiss the plaintiff's Title VII claim based on race, color, religion, sex, or national origin, because the plaintiff has not set forth such a claim. Instead, the plaintiff's Title VII claim relates to retaliation for a prior protected activity, which is clearly covered under the statute. *See* 42 U.S.C. § 2000e–3; Pl.'s Opp'n at 2. In addition, the court does not construe the defendant's motion as a motion to dismiss the retaliation claim since the defendant states, "[t]here is no mention of race, color, religion, or national origin in plaintiff's complaint ... [i]t is resoundingly clear that the basis for the alleged discrimination was plaintiff's medical disability, which is not actionable under Title VII." *See* Mot. to Dis. at 5. Clearly, then, the defendant is not seeking to dismiss the plaintiff's retaliation claim.

Even assuming *arguendo* that the defendant had filed a motion to dismiss the retaliation claim, the court would deny such a motion because the plaintiff need not allege the elements of a prima-facie case of retaliation at the initial pleading stage. *See Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1114 (D.C.Cir.2000). In *Sparrow*, the Court of Appeals reversed the district court and held that a plaintiff was *not* required to set forth the elements of a prima facie case at the initial pleading stage. While noting that the *McDonnell Douglas* test for proving unlawful discrimination still applied,[1] and that under the test the plaintiff has the burden of proof to establish a prima-facie case of discrimination, the court also stated that "[n]one of this, however, has to be accomplished in the complaint itself." *Id.* The court emphasized that the complaint only needs to give the defendant fair notice of the plaintiff's claims. *See id.*

In this case, the plaintiff alleges that her termination was in part, the result of the defendant's retaliation against her for participating as a witness in a race-discrimination suit against the District of Columbia. *See* Compl. at 6. Therefore, the court holds that the complaint does, in fact, give the defendant sufficient notice of the plaintiff's Title VII claim and the grounds upon which it rests. *See Atchinson*, 73 F.3d at 421. Accordingly, the court denies the

---

1. As the Supreme Court has explained:
   In *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), we set forth the basic allocation of burdens and order of presentation of proof in a Title VII case alleging discriminatory treatment. First, the plaintiff has the burden of proving by the preponderance of the evidence a prima facie case of discrimination. Second, if the plaintiff succeeds in proving the prima facie case, the burden shifts to the defendant "to articulate some legitimate, nondiscriminatory reason for

   the employee's rejection." *Id.* at 802, 93 S.Ct. 1817. Third, should the defendant carry this burden, the plaintiff must then have an opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination.
   *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 252–53, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981) (internal citations omitted).

defendant's motion to dismiss the Title VII claim.

### C. The Plaintiff's Claim
### Under Section 1981

The court determines that the parties have set forth inadequate briefs regarding the plaintiff's section 1981 claim. Therefore, before determining whether the plaintiff has stated a section 1981 claim, the court requests clarification on the issues set forth in the attached order.

### IV. CONCLUSION

For all these reasons, the court denies the defendant's motion to dismiss the Title VII claim and orders additional briefing on the defendant's motion to dismiss the section 1981 claim. An order directing the parties in a manner consistent with this Memorandum Opinion is separately and contemporaneously issued this 26 day of November, 2001.