**UNITED STATES ex rel. Thomas E. MOSSEY, Plaintiff,**

v.

**PAL–TECH, INC., Defendant and Counterclaimant.**

**No. CIV.A.99–1406(PLF).**

United States District Court, District of Columbia.

Oct. 30, 2002.

Herbert Vincent McKnight, Jr., Ashcraft & Gerel, Washington, DC, for Plaintiff.

Stanley M. Brand, David Earl Frulla, Brand & Frulla, P.C., for Defendant.

Edward Alkalay, U.S. Attorney's Office, Washington, DC, for Non Party.

*MEMORANDUM OPINION*

PAUL L. FRIEDMAN, District Judge.

Thomas E. Mossey brought this suit against his former employer, PaL–Tech, Inc., alleging that the company violated the False Claims Act, 31 U.S.C. § 3729 *et seq.*, as amended, by submitting false claims for payment to the United States (Count I), that the company's actions were part of a conspiracy to defraud the government (Count II), and that the company retaliated against him once it became aware of certain activities related to his claims (Count III). At a hearing on October 27, 2000, and in an Order issued that same day, the Court dismissed Counts II and III of plaintiff's complaint. *See* Order of October 27, 2000. Count III, however, was dismissed without prejudice based on counsel's representation that it likely would be re-pled with additional facts if plaintiff were permitted limited discovery on the issue. *See id.* at 2; Transcript of Status Conference of November 20, 2000. In January 2001, plaintiff filed an amended complaint that re-alleged claims of conspiracy (Count II) and retaliation (Count III).

By Order of April 20, 2001, the Court dismissed Counts II and III of plaintiff's amended complaint with prejudice and de-

nied plaintiff's motion for reconsideration of the Court's October 27, 2000 Order. Thus, all that remains in this case is Count I of the amended complaint and defendant's counterclaim, which the Court permitted to be filed by separate Order of April 30, 2001.

The matter now comes before the Court on defendant's motions to dismiss the remaining count of the amended complaint for lack of subject matter jurisdiction and to strike plaintiff's expert report, as well as on plaintiff's motion to dismiss defendant's counterclaim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim on which relief can be granted. After careful consideration of the motions, oppositions and replies, the Court will deny defendant's motion to dismiss, grant defendant's motion to strike and deny plaintiff's motion to dismiss the counterclaim.

## I. SUBJECT MATTER JURISDICTION

Defendant argues that this Court lacks subject matter jurisdiction over Count I of plaintiff's amended complaint, which charges a violation of Sections 3729(a)(1) and (a)(2) of the False Claims Act ("FCA"), which, respectively, proscribe the presentation of a false or fraudulent claim to the United States and the use of a false record or statement to get a false or fraudulent claim paid or approved by the government. Defendant asserts that plaintiff's claim is jurisdictionally barred under Section 3730(e)(4)(A) of the FCA because (1) the case is based upon information already in the public domain, and (2) plaintiff is not an original source of the information. *See* Defendant's Motion to Dismiss Count I of Plaintiff's Amended Complaint for Lack of Subject Matter Jurisdiction at 1–2 ("Def. Motion to Dismiss").[1] This

1. Section 3730(e)(4)(A) reads, in pertinent part:

Court denies defendant's motion because it has failed to satisfy the Court that the information relied upon by PaL–Tech was already in the public domain. The Court therefore need not address defendant's "original source" argument.

■ For this Court to have subject matter jurisdiction over a *qui tam* action, the complaint cannot be " 'based upon' the public disclosure of allegations or transactions" in a hearing or investigation or from the news media or upon "allegations or transactions substantially similar to those in the public domain." *United States ex rel. Findley v. FPC–Boron Employees' Club,* 105 F.3d 675, 685 (D.C.Cir.1997) (quoting 31 U.S.C. § 3730(e)(4)(A)). In enacting the *qui tam* statute, Congress intended to prevent parasitic lawsuits while simultaneously "inducing informers" to turn in violators. *Id.* at 680, 682. It therefore limited the courts' jurisdiction to those actions where the plaintiff "has contributed significant independent information" not previously disclosed. *Id.* at 686. In deciding whether suit is barred by Section 3730(e)(4)(A), a court therefore must determine whether information in the public domain, if any, "could have formed the basis for a government decision on prosecution, or could at least have alerted law enforcement authorities to the likelihood of wrongdoing." *United States ex rel. Joseph v. Cannon,* 642 F.2d 1373, 1377 (D.C.Cir.1981) (quoting *Pettis ex. rel. United States v. Morrison–Knudsen Co.,*

577 F.2d 668, 674 (9th Cir.1978)); *see also United States ex rel. Springfield Terminal Ry. Co. v. Quinn,* 14 F.3d 645, 654 (D.C.Cir.1994) (quoting language for same proposition). If so, a plaintiff's *qui tam* action must be dismissed.

■ In this case, the only information that could be construed as "publicly disclosed" prior to plaintiff's initiation of this lawsuit was a United States Agency for International Development ("USAID") performance audit of Jorge Scientific Corporation, a company that supplied support services to USAID's Center for Population, Health and Nutrition ("PHNC") before PaL–Tech did. Jorge was investigated by USAID's Office of Procurement for allegedly performing work outside the scope of its contract. While the USAID audit of Jorge may have been enough to form the basis for the government to prosecute Jorge or to alert authorities of possible wrongdoing by Jorge, the allegations made by plaintiff involve a separate company allegedly filing separate and very different false claims against the government. Even if the allegations regarding Jorge were well-known, so far as the record before this Court shows there was nothing in the public domain about wrongdoing by PaL–Tech before plaintiff brought suit. Section 3730(e)(4)(A) therefore does not deprive this Court of jurisdiction. *See United States ex rel. Springfield Terminal Ry. Co. v. Quinn,* 14 F.3d at 654.[2]

No court shall have jurisdiction over an action under this section based upon public disclosure of allegations or transactions in a criminal, civil, or administrative hearing, in a congressional, administrative, or Government Accounting Office report, hearing, audit, or investigation, or from the news media, unless ... the person bringing the action is an original source of the information.

31 U.S.C. § 3730(e)(4)(A).

2. It may be true, as defendant states, that during the solicitation process PHNC advised PaL–Tech about the audit report concerning Jorge and wanted PaL–Tech to use the audit report as a tool to help identify critical areas and concerns with respect to the proposal. *See* Def. Motion to Dismiss at 5–6. Still, this does not prove that the public at large, or Mr. Mossey in particular, who joined PaL–Tech after the contract was awarded, would be aware of any alleged fraud committed by

While the alleged fraudulent conduct by PaL–Tech may be similar to the publicly disclosed fraudulent conduct by Jorge, suit would be barred only if public disclosures about the earlier similar fraudulent conduct have made the nature of the fraud and the actors responsible so "easily identifiable" that the relator has provided no independent information of any significance. *See United States ex rel. Findley v. FPC–Boron Employees' Club*, 105 F.3d at 687–88 (public disclosures specifically identified because Findley's complaint "merely echoes publicly disclosed, allegedly fraudulent transactions" regarding illegal retention of monies through vending machine service contracts with the federal government and the employee organizations that provided the vending services; government already had sufficient information to enable it to adequately investigate the case and decide whether to prosecute). *Compare Cooper v. Blue Cross & Blue Shield of Florida, Inc.*, 19 F.3d 562, 566 (11th Cir.1994) (report describing widespread fraud in general terms without specifically identifying actors is insufficient to trigger the jurisdictional bar).

The Court concludes that the fraud perpetrated on USAID's Center for Population, Health and Nutrition has not been so widespread and notorious that other independent contractors working for PHNC are easily identifiable as perpetrators of fraud. *See United States ex rel. Findley v. FPC–Boron Employees' Club*, 105 F.3d at 687. The USAID audit report on Jorge found that the company "had not performed personal services for the most part" and had performed work "within the scope of the contract." Def. Motion to Dismiss at 4. Thus, the alleged fraud by Jorge appears not to have been widespread or generic. Nor can PaL–Tech be easily identified based on the Jorge audit report without the unreasonable presumption that all support services contractors commit fraud. *Cf. United States ex rel. Schwedt v. Planning Research Corp.*, 39 F.Supp.2d 28, 32–33 (D.D.C.1999) (jurisdictional bar triggered where public disclosure of allegations or transactions and *qui tam* action revealed same instances of fraud by same company).

It appears to this Court that plaintiff has "contributed significant independent information" not already in the public domain. Without plaintiff's actions, it is extremely unlikely that the audit of Jorge Scientific Corporation would have been sufficient to alert the government to the alleged fraud by PaL–Tech. Barring this suit on the basis of the audit of Jorge would be a frustration of the very purpose of the FCA at best. The motion to dismiss for lack of subject matter jurisdiction therefore is denied.

## II. PLAINTIFF'S EXPERT WITNESS REPORT

Defendant also moves to strike plaintiff's expert witness report for failure to meet the requirements of Rule 26(a)(2) of the Federal Rules of Civil Procedure. In response, plaintiff asserts that its expert report complies with Rule 26(a)(2) and that the testimony of its expert, Mr. Leslie A. Leiper, will provide no legal opinions that would render the testimony impermissible.[3] The Court is unconvinced by plaintiff's arguments and therefore strikes

PaL–Tech even if the public at large was aware of the Jorge audit. The fact that PaL–Tech had knowledge of the audit report does not amount to public disclosure of its own alleged fraud.

3. Since plaintiff has withdrawn Joseph Redding as an expert, the Court need not consider defendant's arguments concerning Mr. Redding.

plaintiff's initial and supplemental Rule 26(a)(2) reports.

■ Plaintiff's expert report was not prepared in compliance with Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure. First, there is no indication of how much plaintiff is paying Mr. Leiper for his services. Second, it is unclear whether Mr. Leiper has published any articles and, if so, what they concern. Third, Mr. Leiper makes no mention of any exhibits that he intends to use during his testimony. Lastly, Mr. Leiper's very brief report fails to provide complete statements of his opinions or the bases and reasons for them, nor does it adequately identify "the data or information [he] considered" in forming his opinions. Fed.R.Civ.P. 26(a)(2)(B). These deficiencies are most troubling, especially given plaintiff's utter failure to rectify the errors in his supplemental report. The Court will strike Mr. Leiper's expert report for these reasons and because it contains nothing more than legal opinions and unsubstantiated assessments of the evidence.

Rule 702 of the Federal Rules of Evidence permits the admission of expert testimony that will help the trier of fact "to understand the evidence or to determine a fact in issue . . . ." It is established, however, that expert testimony consisting of legal conclusions will not be permitted because such testimony merely states what result should be reached, thereby improperly influencing the decisions of the trier of fact and impinging upon the responsibilities of the court. *See Burkhart v. Washington Metro. Area Transit Authority*, 112 F.3d 1207, 1212–13 (D.C.Cir.1997) ("[A]n expert may offer his opinion as to facts, that, if found, would support a conclusion that the legal standard at issue was satisfied, but he may not testify as to whether the legal standard has been satisfied").

In this case, Mr. Leiper's report lifts language directly from the Federal Acquisition Regulations ("FAR") to explain his conclusion that the PaL–Tech contract with PHNC was not a personal services contract. Terms such as "personal services contract," "employer-employee relationship" and "direct hire" have specific meanings with respect to contract interpretation, and these meanings are invoked by Leiper in reaching what necessarily must be viewed as legal conclusions. *See Burkhart v. Washington Metro. Area Transit Auth.*, 112 F.3d at 1213–14 (use of "terms of art" taken directly from regulations found to form legal conclusions). The entire "Nature of the Contract" section of Mr. Leiper's report, for example— which comprises roughly half the report— provides definitions of legal and regulatory terms coupled with Mr. Leiper's conclusions on how these terms affect PaL– Tech's contract. None of Mr. Leiper's statements would help the trier of fact better "understand the evidence" or "determine a fact in issue." Fed.R.Evid. 702. Rather they are impermissible legal conclusions that intrude upon the duties of, and effectively substitute for the judgment of, the trier of fact and the responsibility of the Court to instruct the trier of fact on the law. *See id.* at 1213 ("Each courtroom comes equipped with a 'legal expert,' called a judge, and it is his or her province alone to instruct the jury on the relevant legal standards."); *CMI–Trading, Inc. v. Quantum Air, Inc.*, 98 F.3d 887, 890 (6th Cir. 1996) (expert testimony concerning whether a transaction was a loan or a joint venture is an issue of law within the sole competence of the court); *Marx & Co. v. Diners' Club, Inc.*, 550 F.2d 505, 509 (2d Cir.1977) (expert testimony not on common industry practices but on legal opinions regarding the meaning of contract terms inadmissable).

The final two sections of the expert report also are rife with legal opinion, and neither provides a "complete statement of all opinions" expressed, a "basis and reasons" for the statements, or any "data or other information considered" in the formation of Mr. Leiper's conclusory statements. *See* Fed.R.Civ.P. 26(a)(2)(B); Fed R. Evid. 705. Quite the opposite, by Mr. Leiper's own admission, these sections operate on assumptions that this Court does not find substantiated by the supplemental report. For all of these reasons, the Court grants defendant's motion to strike the initial and supplemental reports of plaintiff's expert, Mr. Leslie A. Leiper.[4]

### III. DEFENDANT'S COUNTERCLAIM

Finally, plaintiff challenges defendant's counterclaim, arguing that defendant has failed to adequately allege how or in what way PaL–Tech was harmed by plaintiff. The Court is not persuaded by plaintiff's argument. Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only that a pleading contain a short and plain statement of the claim and the grounds on which it is based. *See Conley v. Gibson,* 355 U.S. 41, 47–48, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Sparrow v. United Air Lines, Inc.,* 216 F.3d 1111, 1115 (D.C.Cir.2000). Notice pleading, by its very nature, dictates that a complaint need only provide the defendant with fair notice of the claims at issue. *See Glymph v. District of Columbia,* 180 F.Supp.2d 111, 114 (D.D.C. 2001). A complaint should be dismissed for failure to state claim only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. at 45–46, 78 S.Ct. 99.

The counterclaim alleges a violation of Virginia's Uniform Trade Secrets Act and a breach of contract resulting from the disclosure and retention of confidential information. Treating all of PaL–Tech's asserted facts as true, as the Court must in considering a motion to dismiss, the nature of the contract and the facts alleged do not permit this Court to say that PaL–Tech could not prove any set of facts that would entitle it to relief.

An Order consistent with this Memorandum Opinion was issued on September 25, 2002.

SO ORDERED.

### *ORDER*

This matter is before the Court on defendant's motions to dismiss Count I of the amended complaint for lack of subject matter jurisdiction and to strike plaintiff's expert report, as well as plaintiff's motion to dismiss defendant's counterclaim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim on which relief can be granted. After careful consideration of the motions, oppositions and replies, it is hereby

ORDERED that defendant's motion to dismiss Count I for lack of subject matter jurisdiction [55] is DENIED; it is

FURTHER ORDERED that defendant's motion to strike plaintiff's Rule 26(a)(2) report submitted by Mr. Leslie A. Leiper [46] is GRANTED; it is

FURTHER ORDERED that plaintiff's motion to dismiss defendant's counterclaim [42] is DENIED. An Opinion explaining

---

**4.** The last section of the report should be struck on the sole basis that the conspiracy claim, Count II of Plaintiff's Amended Complaint, already has been dismissed with prejudice.

the Court's reasoning will follow in due course.

SO ORDERED.