**NAVAJO NATION, Appellee,**

**The Hopi Tribe, Appellee,**

v.

**PEABODY HOLDING COMPANY, INC., et al., Appellants.**

Nos. 02–7083, 02–7090.

United States Court of Appeals, District of Columbia Circuit.

April 23, 2003.

Before EDWARDS, RANDOLPH, and TATEL, Circuit Judges.

*JUDGMENT*

PER CURIAM.

Consolidated with Case No. 02–7090

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs by the parties and oral arguments of counsel. It is

ORDERED AND ADJUDGED that the judgment of the District Court be affirmed.

Appellants Peabody and Southern California Edison, defendants below, sought a stay pending arbitration pursuant to 9 U.S.C. § 3. The District Court denied the motion for stay, *see Navajo Nation v. Peabody Holding Co.,* 209 F.Supp.2d 269, 280 (D.D.C.2002), and appellants now seek review pursuant to 9 U.S.C. § 16(a)(1)(A). We affirm the District Court, because the matters at issue are not arbitrable under the royalty rate arbitration provisions at issue.

The Complaint in this case alleges that appellants, through a pattern of wrongdoing, violated the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 *et seq.* ("RICO"), the federal law

of Indian trusts, and various tort and contract doctrines, for which appellees seek treble damages. Appellants assert that, because the alleged wrongdoing relates to appellants' behavior leading to the establishment of royalty rates under coal leases between the parties, the disputes now at issue are referable to arbitration pursuant to arbitration clauses in the lease agreements between the parties. The District Court rejected this claim, as do we.

The leases between appellants and the Navajo Nation state that, in resolving coal royalty rate disputes, "[t]he decision of the arbitrator or arbitration panel shall be limited to establishing the mineral royalty rates." Joint Appendix ("J.A.") 587; J.A. 635. Only the "issue of royalty rate" is arbitrable under the parties' arbitration clause. J.A. 569; J.A. 618. The lease between appellants and The Hopi Tribe is similarly restrictive. J.A. 676. Indeed, the record indicates that appellants have never even sought to compel arbitration of the Hopi Tribe's claims.

There is no doubt that the District Court was correct in rejecting appellants' motion for a stay pending arbitration, for the appellees' Complaint does not raise disputes that are cognizable under the parties' arbitration clauses. The arbitration clauses are unambiguous in limiting the arbitrators' authority, both as to the scope of the substantive issues that are referable to arbitration and as to remedies. It is clear that appellees' RICO claims do not fall within the scope of the arbitration provisions, because they go well beyond the limited arbitrable issue of "establishing the mineral royalty rates." On the merits, the dispositive issue in this litigation is not the appropriate royalty rate, but rather whether appellants engaged in the predicate acts of racketeering, including fraud and obstruction of justice, that form a pattern of racketeering in violation of RICO, and whether appellants otherwise engaged in wrongdoing for which damages may be awarded. Hence, there is no arbitrable issue for which a stay is warranted.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.