**NAVAJO NATION, Plaintiff,**

v.

**PEABODY HOLDING COMPANY, INC. et al., Defendants.**

**No. CIV.A. 99–0469EGS.**

United States District Court,
District of Columbia.

April 13, 2004.

Britt E. Clapham, II, John Rutherford, Levon Henry, Navajo Nation Department of Justice, Window Rock, AZ, Kelly Bain Kramer, Samuel John Buffone, Thomas W. Beimers, William M Carter, Jr., Ropes & Gray, Washington, DC, Paul E. Frye, Frye Law Firm, PC, Albuquerque, NM, for Plaintiff.

Brad Fagg, Peter Buscemi, Morgan, Lewis & Bockius, L.L.P., James Francis Hibey, Richard Harper Saltsman, Washington Lawyers' Committee, William R. Sherman, Howrey Simon Arnold & White, LLP, Antonia Beatrice Ianniello, Paul R. Hurst, Reid Henry Weingarten, Steptoe & Johnson, L.L.P., Washington, DC, Terrance Gilroy Reed, Vernon Thomas Lankford, Jr., William Francis Coffield, IV, Lankford & Coffield, PLLC, Alexandria, VA, for Defendants.

James E. Scarboro, Michael A. Saul, Timothy R. MacDonald, Arnold & Portor, Denver, CO, for Intervenor Plaintiff.

## OPINION & ORDER

SULLIVAN, District Judge.

Upon consideration of Defendants Peabody Holding Company, Inc. and Southern California Edison's Renewed Motions to Dismiss or, in the alternative, for Summary Judgment, the Responses and Replies thereto, it is by the Court hereby

**ORDERED** that defendants' Motions to Dismiss or for Summary Judgment are **DENIED**.

When considering a Motion to Dismiss, the Court construes the facts in the complaint as true and construes all reasonable inferences in the light most favorable to the plaintiff. *See Swierkiewicz v. Sorema,* 534 U.S. 506, 508, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002). A Motion to Dismiss is granted and the complaint dismissed only if no relief could be granted on those facts. *See Sparrow v. United Air Lines Inc.,* 216 F.3d 1111, 1114 (D.C.Cir.2000) (stating that complaints "need not plead law or match facts to every element of a legal theory") (quoting *Krieger v. Fadely,* 211 F.3d 134, 136 (D.C.Cir.2000)).

Summary judgment is appropriate "if there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." *Waterhouse v. District of Columbia,* 298 F.3d 989, 991 (D.C.Cir.2002) (quoting Fed. R.Civ.P. 56). The moving party bears the burden of showing that there is no genuine issue of material fact, and the court views the evidence in the light most favorable to the non-moving party. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

■ The issue in dispute is that of collateral estoppel; namely, whether "the issue" here has already been determined by the Supreme Court in *United States v. Navajo Nation,* "a different cause of action involving a party to the prior litigation." *Montana v. United States,* 440 U.S. 147, 153–54, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979); *see* Peabody's Mot. to Dismiss at 24–25. Defendants contend that the Supreme Court's decision in *United States v. Navajo Nation,* 537 U.S. 488, 123 S.Ct. 1079, 155 L.Ed.2d 60 (2003), effectively decided the underlying issues in the instant case and thus requires the dismissal of plaintiff's suit.[1] Plaintiff disagrees.

■ Collateral estoppel precludes litigants "from contesting matters that they have had a full and fair opportunity to litigate." *Montana,* 440 U.S. at 153, 99 S.Ct. 970. Plaintiffs argue that defendants have failed to satisfy the three-prong test established by the D.C. Circuit, in which an issue is precluded from subsequent litigation when: (1) the same issue currently raised has been contested by the parties and submitted for adjudication in a prior case; (2) the issue has been actually and necessarily determined by a court of proper jurisdiction in the prior case; and (3) "preclusion in the second case [does] not work a basic unfairness to the party bound by the first determination." *Yamaha Corp. of America v. United States,* 961 F.2d 245, 254 (D.C.Cir.1992).

The Court agrees. The question for which the Supreme Court granted *certiorari* in *Navajo Nation* focused exclusively on whether the United States government owed and breached a fiduciary duty to the Tribe such that the allegedly inappropriate actions of government officials permitted the Tribe to recover monetary damages against the United States despite the latter's sovereign immunity.[2] The issue before this Court is whether a private company—not the U.S. government—violated

---

1. This Court denied these defendants' motions to dismiss plaintiff's amended complaint on March 15, 2001.

2. The Question Presented in the Government's Petition for a Writ of Certiorari was, "Whether the court of appeals properly held that the United States is liable to the Navajo Nation for up to $600 million in damages for breach of fiduciary duty in connection with the Secretary's actions concerning an Indian mineral lease, without finding that the Secretary had violated any specific statutory or regulatory duty established pursuant to the IMLA." Brief for United States at I, *United States v. Navajo Nation,* 537 U.S. 488, 123 S.Ct. 1079, 155 L.Ed.2d 60 (2003) (No. 01–1375).

RICO and committed various common law torts when it hired a lobbyist to procure favorable government action at the expense of the Tribe.[3] In other words, although the underlying facts are the same as those presented before the Supreme Court, the legal issue and concomitant question of liability are different.

Defendants nevertheless claim that, in deciding the merits of plaintiff's case against the United States, the Supreme Court ruled conclusively against plaintiffs on a number of issues common to the two "parallel" suits. *See* Peabody's Mot. to Dismiss at 1; Peabody's Reply to Pl's Opp'n at 13, 18. The Supreme Court's holding, however, stated only that "the Tribe's claim for compensation from the Federal Government fails, for it does not derive from any liability-imposing provision of the [Indian Mineral Leasing Act ("IMLA")] or its implementing regulations." *United States v. Navajo Nation*, 537 U.S. 488, 493, 123 S.Ct. 1079, 155 L.Ed.2d 60 (2003). Furthermore, the plain language of *Navajo Nation* reveals that the basis for the Court's decision was the absence of any duty imposed on the Secretary of Interior *by statute. See, e.g., id.* at 511, 123 S.Ct. 1079 ("neither the IMLA nor any of its regulations establishes anything more than a bare minimum royalty ... there is no textual basis for concluding that the Secretary's approval function includes a duty, enforceable in an action for money damages, to ensure a higher rate of return"); *id.* at 513, 123 S.Ct. 1079 ("the Tribe's assertions are not grounded in a *specific statutory or regulatory provision* that can fairly be interpreted as mandating money damages. Nothing in ... IMLA's basic provision, or in the IMLA's imple-

menting regulations, proscribed the *ex parte* communications in this case") (emphasis added).

■ Defendants infer from the Supreme Court's language that plaintiff's prospects of success on the merits are greatly reduced on remand. But in deciding issue preclusion, where "it is the prior *judgment* that matters, not the court's opinion explicating that judgment," defendants' strained inferences are simply not enough to preclude plaintiff from litigating a separate suit that, although arising from the same chain of events, features different defendants and causes of action. *Yamaha Corp.*, 961 F.2d at 254 (emphasis in original).

Another strong indication that the Supreme Court limited itself to treatment of the precise issue before it is the opinion of the Federal Circuit on remand. *Navajo Nation v. United States*, 347 F.3d 1327, 1328 (Fed.Cir.2003). All three judges on the panel agreed that remand to the Court of Federal Claims was appropriate to decide if, outside of the statutes under which the Supreme Court had held the government was not liable, the Tribe could prove that a separate "network" of statutes, treaties, and regulations created a fiduciary duty that the government had breached. *Id.* at 1332. The majority of the panel constricted the Court of Federal Claims' inquiry on remand, whereas Judge Newman, dissenting in part, agreed with the Tribe that the Supreme Court had not completely foreclosed consideration of the previously "explored" statutes; rather, "all sources must be considered together." *Id.* at 1332, 1335.

---

**3.** As the D.C. Circuit stated in affirming one of this Court's earlier rulings, "the dispositive issue in this litigation is ... whether [defendants] engaged in the predicate acts of racketeering, including fraud and obstruction of justice, that form a pattern of racketeering in violation of RICO, and whether [defendants] otherwise engaged in wrongdoing for which damages may be awarded." *Navajo Nation v. Peabody Holding Co.*, 64 Fed.Appx. 783 (D.C.Cir.2003).

The Supreme Court has held that the statutes upon which the United States' liability was predicated did not impose an enforceable duty on the Secretary of Interior such that a breach of that duty gave rise to a cause of action for monetary damages. *See Navajo Nation*, 537 U.S. at 493, 123 S.Ct. 1079. The opinion of the Federal Circuit on remand clarifies that the Supreme Court ruled only on liability under a specific statute, the IMLA, and did not, as defendants contend, conclusively uphold the validity of the Secretary's actions, and by implication, those of the defendants. *See Navajo Nation*, 347 F.3d at 1332.

After a careful reading of the opinions of the Supreme Court and the Federal Circuit, this Court concludes that the Supreme Court's opinion in *Navajo Nation* was based squarely upon statutes controlling the United States' relationship with and duty owed to Native American tribes and therefore has no preclusive effect on plaintiff's civil RICO and intentional torts claims against private defendants not party to the previous litigation.