John PARK et al., Plaintiffs,

v.

HYATT CORPORATION, Defendant.

Civil Action No. 06–179 (RWR).

United States District Court, District of Columbia.

June 30, 2006.

Harold Edmund Brazil, Washington, DC, for Plaintiffs.

Christopher E. Hassell, Bonner Kiernan Trebach & Crociata, Washington, DC, for Defendant.

### MEMORANDUM OPINION
### AND ORDER

ROBERTS, District Judge.

Plaintiffs John Park, Philip Park, and After Six Entertainment, Inc. sued defendant Hyatt Corporation ("Hyatt") asserting contract and tort claims, violations of the D.C. Human Rights Act ("DCHRA")

and federal civil rights statutes, and claims of "discrimination" and punitive damages. Hyatt moves to dismiss all but plaintiffs' breach of contract claim, and moves for leave to file counterclaims against plaintiffs. Plaintiffs have alleged sufficient facts to state contract and tort claims and violations of the DCHRA and federal civil rights statutes, and Hyatt's motion to dismiss will be denied with respect to those claims. The "discrimination" claim is duplicative and will be dismissed, and the punitive damages claim will be treated as part of a prayer for relief and not as a cause of action. Because Hyatt seeks to add counterclaims arising from the same transaction or occurrence and plaintiffs have demonstrated no prejudice to them, Hyatt's motion for leave to file counterclaims will be granted.

## BACKGROUND

Plaintiffs allege that they entered into a signed agreement with the Hyatt Regency Washington on Capitol Hill in December 2004, authorizing plaintiffs to use the Hyatt's facilities for a New Year's Eve party that year in exchange for a fee. (Compl.¶ 5.) Plaintiffs state that they planned to charge attendees a fee to attend the party and also charge them for food and alcoholic beverages, and that Hyatt knew of these plans. (*Id.* ¶ 6.) The festivities did not go according to plan. According to plaintiffs, Hyatt intentionally sabotaged plaintiffs' event by failing to provide the size room for the buffet dinner that previously had been represented to plaintiffs, failing to provide a sufficient amount of food for the buffet dinner, failing to place wine on the dinner tables at the buffet dinner, ending the buffet an hour early, locking plaintiffs and party attendees out of their hotel rooms, failing to provide adequate security, and being rude and condescending to plaintiffs. (*Id.* ¶¶ 10–13, 15, 17.) In addition, plaintiffs contend that Hyatt "unilaterally raised the price of premium drinks at plaintiffs' event but charged less for drinks sold by the Hyatt[,]" creating "an incentive for the attendees at plaintiffs' event to buy drinks from the Hyatt rather tha[n] buy them at plaintiffs' event." (*Id.* ¶ 8.) Plaintiffs John Park and Philip Park are Korean Americans, and the party was attended overwhelmingly by persons of Asian descent. (*See id.* ¶¶ 14, 16; Pls. Opp'n to Hyatt's Mot. to Dismiss at 1.)

Plaintiffs filed their complaint in D.C. Superior Court in December 2005, alleging breach of contract, tortious interference with contract, negligent infliction of emotional distress, intentional infliction of emotional distress, violations of the DCHRA and federal civil rights statutes, discrimination, and punitive damages. Plaintiffs allege pecuniary loss, loss of reputation, loss of good will, severe emotional distress and other losses. (Compl.¶¶ 22, 28, 34.) Hyatt answered the complaint without stating any compulsory counterclaims, and removed the case to this court in February 2006. Hyatt now moves to dismiss all but plaintiffs' breach of contract claim [1] and requests leave to file counterclaims. Plaintiffs oppose both motions.

## DISCUSSION

"A Rule 12(b)(6) motion is intended to test the legal sufficiency of the complaint. But the complaint need only set forth a short and plain statement of the claim, giving the defendant fair notice of the claim and the grounds upon which it rests. Such simplified notice pleading is made

---

1. Hyatt's motion is moot as to plaintiffs' negligent infliction of emotional distress claim since plaintiffs withdrew the claim in their opposition. (*See* Pls.' Opp'n to Hyatt's Mot. to Dismiss at 5.)

possible by the liberal opportunity for discovery and the other pretrial procedures established by the Rules to disclose more precisely the basis of both claim and defense and to define more narrowly the disputed facts and issues. In light of these liberal pleading requirements, a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Kingman Park Civic Ass'n v. Williams,* 348 F.3d 1033, 1040 (D.C.Cir. 2003) (citations and internal quotation marks omitted).

■ In considering a Rule 12(b)(6) motion, a court must accept all the allegations in a plaintiff's complaint as true and construe them in the light most favorable to the plaintiff. *Jungquist v. Sheikh Sultan Bin Khalifa Al Nahyan,* 115 F.3d 1020, 1027 (D.C.Cir.1997). "Dismissal under Rule 12(b)(6) is proper when, taking the material allegations of the complaint as admitted, and construing them in plaintiff['s] favor, the court finds that the plaintiff[ ] ha[s] failed to allege all the material elements of [his] cause of action." *Weyrich v. The New Republic, Inc.,* 235 F.3d 617, 623 (D.C.Cir.2001) (internal quotation marks and citations omitted) (quoting *Taylor v. FDIC,* 132 F.3d 753, 761 (D.C.Cir.1997)).

## I. TORTIOUS INTERFERENCE WITH CONTRACT

■ In the District of Columbia, in order to state a claim for tortious interference with contract, a plaintiff must allege (1) the existence of a contract between the plaintiff and a third party, (2) knowledge of the contract by the defendant, (3) intentional procurement by the defendant of a breach of contract; and (4) damages resulting from the breach. *See Casco Marina Dev., L.L.C. v. D.C. Redevelopment Land Agency,* 834 A.2d 77, 83 (D.C.2003); *see also* Restatement (Second) of Torts §§ 766–66C (1979).

■ Plaintiffs sufficiently, if inartfully, state a claim for tortious interference with contract. Plaintiffs' allegations can be read fairly to assert that a contract existed between plaintiffs and the attendees, whereby attendees paid a fee and agreed to purchase premium drinks in exchange for being able to attend the plaintiffs' New Year's Eve party with various services to be provided by plaintiffs. (*See* Compl. ¶¶ 6, 24–25.) Plaintiffs also assert knowledge of the contract by Hyatt, intentional procurement of a breach by Hyatt, and damages from the procured breach in the form of lost profits and loss of reputation among other things. (*See* Compl. ¶¶ 8–9, 24–28.)

Nonetheless, Hyatt argues that plaintiffs' claim for tortious interference with contract fails to state a claim because it does not allege damages resulting from the breach allegedly induced by Hyatt. Moreover, Hyatt contends that plaintiffs' claim fails because the complaint alleges that Hyatt procured a breach by the plaintiffs and not a third party. In other words, "[p]laintiffs appear to allege that they were damaged by their own breach of contract, which was allegedly procured by the Defendant. This is insufficient to state a claim for tortuous [sic] interference with contract as a matter of law." (Hyatt's Mem. of P. & A. in Supp. of Mot. to Dismiss ("Hyatt's Mot. to Dismiss") at 3.)

■ Hyatt's arguments are unpersuasive. First, plaintiffs do allege lost profits resulting from the attendees' alleged breach of contract in purchasing drinks directly from the hotel and not plaintiffs. Moreover, plaintiffs allege loss of reputation from plaintiffs' own inability to perform on its contract with attendees due to Hyatt's tortious interference. Second, a

plaintiff may recover for tortious interference with contract if the defendant forces the *plaintiff* to breach a contract with a third party. *See* Restatement (Second) of Torts § 766A (1979) ("One who intentionally and improperly interferes with the performance of a contract (except a contract to marry) between another and a third person, by preventing the other from performing the contract or causing his performance to be more expensive or burdensome, is subject to liability to the other for the pecuniary loss resulting to him."); *see also DeKine v. District of Columbia*, 422 A.2d 981, 988 (D.C.1980) (recognizing the Restatement (Second) of Torts §§ 766–766C).

## II. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

■ To state a claim for intentional infliction of emotional distress, a plaintiff must allege "(1) extreme and outrageous conduct on the part of the defendant which (2) intentionally or recklessly (3) causes the plaintiff severe emotional distress." *Paul v. Howard Univ.*, 754 A.2d 297, 307 (D.C.2000) (internal quotation marks omitted). Hyatt argues that "[p]laintiffs have failed to allege any extreme or outrageous conduct or sufficiently severe emotional distress." (Hyatt's Mot. to Dismiss at 5.)

■ Hyatt's arguments cannot prevail. Racial discrimination can amount to extreme or outrageous conduct. *See Howard Univ. v. Best*, 484 A.2d 958, 986 (D.C. 1984) (holding that racial or sexual harassment and other "[a]ctions which violate public policy may constitute outrageous conduct sufficient to state a cause of action for infliction of emotional distress"). However, the D.C. Court of Appeals has explained that *Best* applied only "to cases in which the plaintiff can show 'a pattern of harassment[ ]' " and not to cases where a plaintiff alleges "a few isolated incidents."

*Paul*, 754 A.2d at 308. Here, plaintiffs allege repeated acts of discrimination and racially motivated sabotage by Hyatt—intentionally diminishing plaintiffs' drink sales by undercutting the prices of drinks sold by plaintiffs to their attendees, failing to provide adequate food, cutting short the time of the planned buffet, and locking the plaintiffs and attendees of plaintiffs' party out of their rooms—over the entire period the contractual obligations were executed. These alleged acts were neither few nor isolated, and if proven, could amount to extreme and outrageous conduct by Hyatt. In addition, plaintiffs allege that they suffered "severe emotional distress including embarrassment and ridicule." (Compl.¶ 34.) The burden will be on plaintiffs to prove actual severe emotional distress, but they have pled it sufficiently to survive a motion to dismiss.

## III. D.C. HUMAN RIGHTS ACT AND FEDERAL CIVIL RIGHTS STATUTES

■ It is unlawful to discriminate against individuals on the basis of their race in places of public accommodation. *See* 42 U.S.C. § 2000a ("All persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation, as defined in this section, without discrimination or segregation on the ground of race, color, religion, or national origin."); D.C.Code § 2–1402.31(a)(1) (making it unlawful to "deny, directly or indirectly, any person the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodations" on the basis of that person's race or national origin). In addition, federal law declares that "[all] persons . . . shall have the same right . . . to make and enforce contracts . . . and to the full and

equal benefit of all laws and proceedings ... as is enjoyed by white citizens." 42 U.S.C. § 1981(a). A plaintiff may state a claim under § 1981 if the plaintiff can show that (1) he is a member of a protected racial group; (2) the defendant had an intent to discriminate on the basis of race; and (3) the discrimination concerned one or more of the activities enumerated in the statute. *See Mitchell v. DCX, Inc.*, 274 F.Supp.2d 33, 44–45 (D.D.C.2003). Hyatt argues that plaintiffs have failed to state a claim under District of Columbia and federal law because "[p]laintiffs fail to allege that other hotel guests that were not members of a protected class were treated differently" and because "[p]laintiffs have no standing to assert a claim for discrimination based upon the violation of the rights of their guests." (Hyatt's Mot. to Dismiss at 6.)

■■■ These arguments are without merit. Hyatt's first argument amounts to a contention that plaintiffs must state a prima facie case of discrimination in their complaint in order to survive a motion to dismiss. However, a plaintiff is not required to plead a prima facie case of discrimination in the complaint, nor specifically to point to similarly situated individuals given preferential treatment in order to survive a motion to dismiss. *See Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1114 (D.C.Cir.2000). Plaintiffs have provided a short and plain statement of their claim, that Hyatt discriminated against plaintiffs in a place of public accommodation and impeded plaintiffs' ability to enforce their contract with Hyatt all because of plaintiffs' race (*see* Compl. ¶¶ 38–42), giving Hyatt fair notice of the claim and the grounds upon which it rests. That is all that plaintiffs must provide at this stage. *See Conley v. Gibson*, 355 U.S. 41, 47–48, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Hyatt's second argument fails because it

mischaracterizes the allegations in the complaint. Plaintiffs allege that *they,* along with their guests, were unlawfully denied "equal treatment and enjoyment of [Hyatt's] hotel facilities, including its banquet facilities and hotel rooms." (Compl.¶ 38.)

Hyatt does not appear to argue that plaintiffs have not stated a claim for which relief can be granted under § 1981. In any event, plaintiffs have alleged facts sufficient to survive a motion to dismiss on that claim.

## IV. CLAIMS FOR DISCRIMINATION AND PUNITIVE DAMAGES

■■■ Plaintiffs allege additional claims for "discrimination" and punitive damages. (*See* Compl. ¶¶ 44–50.) Plaintiffs' discrimination claim is duplicative of plaintiffs' claims under the DCHRA and federal civil rights statutes, and will therefore be dismissed. *See Johnson v. District of Columbia,* Civil Action No. 04–936(RMC), 2005 WL 1903551, at *9 (D.D.C.2005) (dismissing duplicative claim). Though punitive damages are available to plaintiffs if they can show Hyatt's conduct "was accompanied by 'fraud, ill will, recklessness, wantonness, willful disregard of the plaintiff[s'] rights, or other circumstances tending to aggravate the injury[,]'" *Dyer v. William S. Bergman & Assocs., Inc.,* 657 A.2d 1132, 1139 n. 10 (D.C.1995) (quoting *Washington Medical Ctr. v. Holle,* 573 A.2d 1269, 1284 (D.C.1990)), punitive damages are not an independent cause of action. The claim for punitive damages, then, will be treated instead as part of an ad damnum clause.

## V. HYATT'S COUNTERCLAIMS

■■■ Federal Rule of Civil Procedure 13(a) requires that "[a] pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader

has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim." When a pleader fails to set up a counterclaim through "oversight, inadvertence, or excusable neglect, or when justice requires, the pleader may by leave of court set up the counterclaim by amendment." Fed.R.Civ.P. 13(f). "[D]elay alone will not generally justify denying a motion to amend a pleading absent a showing of prejudice from the delay." *King v. Cooke*, 26 F.3d 720, 723 (7th Cir.1994).

■ Hyatt moves for leave to file counterclaims against the plaintiffs for breach of contract and unjust enrichment, alleging that plaintiffs breached their contract with Hyatt by not paying for the full amount of goods and services expended and facilities provided by Hyatt and that plaintiffs were unjustly enriched by their breach. (*See* Hyatt's Mot. for Leave to File at 9–10.) Plaintiffs oppose the motion, arguing the counterclaims are untimely, prejudicial and filed in bad faith. (Pls.' Opp'n to Hyatt's Mot. for Leave to File at 2–3.)

Plaintiffs produce no facts to suggest that Hyatt's motion is filed in bad faith and offer no explanation as to why plaintiffs will be prejudiced by addition of the counterclaims, other than the bare assertion that they will be "placed in the untenable position of prosecuting and defending themselves against this untimely counterclaim." (*Id.* at 3.) Notably, Hyatt filed its motion before discovery commenced and only two months after Hyatt removed the case to federal court and answered the complaint. Plaintiffs received ample notice of the counterclaims, and addition of the counterclaims will not unfairly prejudice plaintiffs.

## CONCLUSION AND ORDER

Because plaintiffs sufficiently allege claims of tortious interference with con-tract, intentional infliction of emotional distress, violations of the DCHRA and federal civil rights statutes, Hyatt's motion to dismiss with respect to these claims will be denied. Because plaintiffs' claim of "discrimination" is duplicative, Hyatt's motion to dismiss this claim will be granted. Plaintiffs' claim for punitive damages will be treated as part of a prayer for relief and not as an independent cause of action. Because no evidence indicates that Hyatt filed its motion for leave to file counterclaims in bad faith and because it will not unfairly prejudice plaintiffs, Hyatt's motion for leave to file counterclaims will be granted. Accordingly, it is hereby

ORDERED that Hyatt's motion [3] to dismiss be, and hereby is, GRANTED in part and DENIED in part. It is granted as to plaintiffs' claim of "discrimination," denied as to plaintiffs' claims of tortious interference with contract, intentional infliction of emotional distress and violations of the DCHRA and federal civil rights statutes, and denied as moot as to plaintiffs' claim of negligent infliction of emotional distress. Plaintiffs' claim for punitive damages shall be treated as part of a prayer for relief and not as a cause of action. It is further

ORDERED that Hyatt's motion [14] for leave to file counterclaims be, and hereby is, GRANTED.