**Montgomery Blair SIBLEY, Plaintiff,**

**v.**

**Barack OBAMA, et al., Defendants.**

**Civil Action No. 11–919 (JDB).**

United States District Court,
District of Columbia.

Oct. 21, 2011.

Opinion Denying Reconsideration
Feb. 2, 2012.

Montgomery Blair Sibley, Washington, DC, pro se.

Mitchell P. Zeff, U.S. Attorney's Office, Jacques P. Lerner, Melissa Lael Baker, Office of the Attorney General for DC, Washington, DC, for Defendants.

### *MEMORANDUM OPINION*

JOHN D. BATES, District Judge.

Plaintiff is a prospective participant in the District of Columbia's nascent medical marijuana program. Plaintiff asserts claims against defendants President Barack Obama and Attorney General Eric H. Holder, Jr. regarding the Department of Justice's criminal prosecution of medical marijuana distributors and President Obama's campaign statements regarding the treatment of medical marijuana by his administration. Plaintiff seeks injunctive enforcement of President Obama's alleged promise not to enforce the Controlled Substances Act with respect to medical marijuana; review of the constitutionality of the CSA; and a declaratory judgment that Congress has amended the CSA by implication in its purported approval of the District's program. Plaintiff has also sued Vincent Gray, the District's Mayor, and the District's Department of Health. Plaintiff challenges the constitutionality of medical marijuana program rules that allegedly require him to incriminate himself under the CSA.

Now pending before the Court are several motions filed by plaintiff and motions to dismiss filed by both the federal government defendants and the District defendants. The plaintiff has filed a motion for a preliminary injunction to enjoin the federal government from enforcing the CSA, a motion for a preliminary injunction to prevent the District from enforcing the medical marijuana program rules, two motions regarding the assignment of a judge of this Court to this matter, and three motions regarding the Clerk of the Court. The Court has previously denied plaintiff's motion to temporarily restrain the District defendants from enforcing the medical marijuana program rules. *See* Mem. Op. and Order (Sept. 16, 2011, 810 F.Supp.2d 309 (D.D.C.2011)) [Docket Entry 35]. For the reasons described below, the Court will deny plaintiff's motions, with the exception of plaintiff's motion for an order directing

the Clerk to correct Docket Entry 36, which the Court will grant. The Court will also grant the federal defendants' motion to dismiss, and defendants Obama and Holder will be dismissed from this case. The District defendants' motion to dismiss remains before the Court.

## I. BACKGROUND

The District of Columbia is in the process of starting a medical marijuana program. *See* D.C.Code §§ 7–1671.01–.13 (2011); Emergency and Fourth Proposed Rulemaking to Implement the Legalization of Marijuana for Medical Treatment Initiative of 1999, Rule 22–C100, D.C.Reg. Vol. 58, No. 32 (Aug. 12, 2011). Plaintiff has "publicly expressed his intent ... to become a licensed medical marijuana cultivator" and to operate a dispensary under that program. First Am. Compl. at 3. The Controlled Substances Act, 21 U.S.C. §§ 801–846 (2006), provides criminal penalties for manufacturing, distributing, or possessing with intent to manufacture, distribute, or dispense any controlled substance and lists marihuana as a "Schedule I" controlled substance. 21 U.S.C. § 812, 841 (2006). In order to receive a license to cultivate medical marijuana, District regulations require defendant to sign an acknowledgment and attestation recognizing that "[g]rowing, distributing, and possessing marijuana in any capacity ... is a violation of federal laws" and that the "law authorizing the District's medical marijuana program will not excuse any registrant from any violation of the federal laws governing marijuana." First Am. Compl., Exh. E.

## II. CLAIMS AGAINST FEDERAL DEFENDANTS

Although plaintiff provides various bases for his claims against defendants Obama and Holder, including promissory estoppel, federal law and the Constitution, his claims against the federal defendants all concern the potential for federal criminal prosecution against him for violations of the CSA. The federal defendants argue that plaintiff lacks standing to pursue his claims because the harm he could suffer (prosecution under the CSA) is speculative in nature.

■ Before this Court may entertain the merits of his claims, plaintiff, as the party invoking federal jurisdiction, must establish that he has the requisite standing to sue. *See Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560–61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). To establish the "irreducible constitutional minimum of standing," a plaintiff must allege (1) an "injury in fact" which is "(a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical"; (2) "a causal connection between the injury and the conduct complained of"; and (3) a likelihood "that the injury will be redressed by a favorable decision." *Id.* (internal quotation marks and citations omitted).

■ A motion to dismiss for lack of standing constitutes a motion under Rule 12(b)(1) of the Federal Rules of Civil Procedure because "the defect of standing is a defect in subject matter jurisdiction." *Haase v. Sessions,* 835 F.2d 902, 906 (D.C.Cir.1987). "[I]n passing on a motion to dismiss, whether on the ground of lack of jurisdiction over the subject matter or for failure to state a cause of action, the allegations of the complaint should be construed favorably to the pleader." *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *see Leatherman v. Tarrant Cnty. Narcotics and Coordination Unit,* 507 U.S. 163, 164, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993); *Phillips v. Bureau of Prisons,* 591 F.2d 966, 968 (D.C.Cir.1979). In other words, the factual allegations in the plaintiff's complaint

must be presumed true, and the plaintiff must be given every favorable inference that may be drawn from the allegations of fact. *Scheuer*, 416 U.S. at 236, 94 S.Ct. 1683; *Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1113 (D.C.Cir.2000). At the same time, however, the Court need not accept as true "a legal conclusion couched as a factual allegation," nor need it accept inferences that are unsupported by the facts set forth in the complaint. *Trudeau v. Fed. Trade Comm'n*, 456 F.3d 178, 193 (D.C.Cir.2006) (quoting *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)).

■ With respect to his constitutional challenge to the CSA, plaintiff cites the Commerce Clause, Article I, Section 8, Article III, Section 3, the Ninth Amendment, and the Tenth Amendment, but not the First Amendment. *See* First Am. Compl. at 1–2. Therefore, plaintiff presents a "non-First Amendment preenforcement challenge to a criminal statute that has not reached the court through agency proceedings." *Seegars v. Gonzales*, 396 F.3d 1248, 1254 (D.C.Cir.2005). Accordingly, the Court must "faithfully apply the analysis articulated by *Navegar, Inc. v. United States*, 103 F.3d 994 (D.C.Cir. 1997)." *Seegars*, 396 F.3d at 1254. "Even when the criminal statute that a litigant challenges has not yet been enforced against her, the challenger's claim may be justiciable if the challenger can demonstrate that she faces a threat of prosecution under the statute which is credible and immediate, and not merely abstract or speculative. In the proper circumstances, such threats of enforcement can ... give the threatened party standing." *Navegar*, 103 F.3d at 998. Nonetheless, the Court must "determine whether the plaintiff's decision to forego certain activity is truly motivated by a well-founded fear that engaging in the activity will lead to prosecu-

tion under the challenged statute." *Id.* at 999. "For preenforcement challenges to a criminal statute not burdening expressive rights and not in the form of appeal from an agency decision, [*Navegar*] appears to demand more than a credible statement by the plaintiff of intent to commit violative acts and a conventional background expectation that the government will enforce the law." *Seegars*, 396 F.3d at 1253.

■ Here, plaintiff has failed to allege facts indicating an actual or imminent injury. He indicates that he has taken various steps to become a purveyor of medical marijuana, including filing a "Letter of Intent" with the District, leasing property for the purpose of growing and/or dispensing marijuana, organizing with others for a license to grow medical marijuana, and forming a company to cultivate and dispense medical marijuana and advise others on cultivating and dispensing medical marijuana. *See* First Am. Compl. at 3, 10. He also asserts that he "has hanging over his head the threat of criminal prosecution" under the CSA and "potentially faces federal criminal prosecution for those actions and, *in futuro*, federal criminal prosecution." *Id.* at 11. Furthermore, plaintiff cites a memorandum from Deputy Attorney General James Cole indicating that "[s]tate laws or local ordinances are not a defense to civil or criminal enforcement of federal law with respect to such conduct, including enforcement of the CSA." Pl.'s Reply to Def.'s Opp'n to Pl.'s First Mot. for Prelim. Inj. [Docket Entry 16] at 2–3. Plaintiff argues that this is a "plain threat" to prosecute purveyors of medical marijuana and notes cases in which others have been prosecuted for distributing marijuana. *Id.* at 6–7. Furthermore, plaintiff argues that "Defendants have given neither Plaintiff nor this Court any assurance that the CSA will not be enforced against

those in compliance with the D.C. Medical Marijuana Act—indeed, given the threatening language of the Cole Memorandum, just the opposite can be assumed." Pl.'s Opp'n to Def.'s Mot. to Dismiss [Docket Entry 19] at 18.

These assertions fall short of the demonstration required under *Navegar* that plaintiff "faces a threat of prosecution under the statute which is credible and immediate, and not merely abstract or speculative." *Navegar,* 103 F.3d at 998. Plaintiff has not supported his claim of feared prosecution with alleged facts suggesting he is credibly threatened with immediate prosecution. Indeed, plaintiff's assertion that he has the threat of criminal prosecution "hanging over his head" rings of speculation and is not specific to him. Likewise, regardless of how one characterizes the Cole Memorandum, it contains no language indicating a specific threat or high probability of enforcement against plaintiff in particular. *See Seegars,* 396 F.3d at 1255 ("But plaintiffs allege no prior threats against them or any characteristics indicating an especially high probability of enforcement against them."); *see also Navegar,* 103 F.3d at 1001 ("[N]othing . . . indicates any special priority placed upon preventing these parties from engaging in specified conduct.").

Since plaintiff has failed to allege facts indicating an actual or imminent injury, he lacks standing to sue and the Court therefore lacks subject matter jurisdiction over the claims against the federal defendants. The Court will therefore grant the federal defendants' motion to dismiss, and defendants Obama and Holder will be dismissed from this case. Plaintiff's motion for a preliminary injunction enjoining the federal government from enforcing the CSA has thereby been rendered moot and will be denied.

## III. MOTION FOR PRELIMINARY INJUNCTION AGAINST DISTRICT DEFENDANTS

Plaintiff seeks a preliminary injunction restraining the District defendants from requiring applicants to the medical marijuana program to sign the acknowledgment and attestation. He contends that the District defendants violate his Fifth Amendment right against self-incrimination by requiring that he acknowledge under oath that "[g]rowing, distributing, and possessing marijuana in any capacity . . . is a violation of federal laws" and that the "law authorizing the District's medical marijuana program will not excuse any registrant from any violation of the federal laws governing marijuana' " Pl.'s Second Mot. and Declr. for Prelim. Inj. at 2. Plaintiff argues that this requirement violates his privilege against self-incrimination because by making that statement he "waive[s] (i) [any claim that] there has been a repeal by implication of the federal Controlled Substances Act [or] (ii) . . . an affirmative defense of entrapment." *Id.* at 4.

A preliminary injunction is an extraordinary remedy, one that should be granted only when the moving party, by a clear showing, carries the burden of persuasion. *See Mazurek v. Armstrong,* 520 U.S. 968, 972, 117 S.Ct. 1865, 138 L.Ed.2d 162 (1997); *see also Munaf v. Geren,* 553 U.S. 674, 689–90, 128 S.Ct. 2207, 171 L.Ed.2d 1 (2008). To obtain a preliminary injunction, the moving party must demonstrate (1) that it would suffer irreparable harm without injunctive relief, (2) that it has a substantial likelihood of success on the merits, (3) that an injunction would not substantially harm the non-moving or other interested parties, and (4) that issuance of the injunction is in the public interest. *See Chaplaincy of Full Gospel Churches v. England,* 454 F.3d 290, 297 (D.C.Cir.2006);

*Cobell v. Norton,* 391 F.3d 251, 258 (D.C.Cir.2004).

 In a Memorandum Opinion and Order entered on September 16, 2011, 810 F.Supp.2d 309 [Docket Entry 35], the Court denied plaintiff's motion to temporarily restrain the District defendants from requiring him to execute an affidavit acknowledging the federal criminal laws regarding marijuana. As the Court explained at that time: "Because plaintiff has not identified how acknowledging the content of federal law is self-incriminating, or how he is being compelled to make a statement, plaintiff fails to establish a substantial likelihood of success on the merits of his claim." Mem. Op. and Order at 310. Plaintiff's argument has not changed since then. Therefore, plaintiff, for the same reasons articulated in the September 16, 2011 Memorandum Opinion and Order, has failed to establish a substantial likelihood of success on the merits of his claim. Accordingly, the Court will deny plaintiff's motion for a preliminary injunction against the District defendants.

### IV. MOTIONS REGARDING ASSIGN-MENT OF THE COURT TO THIS MATTER

Plaintiff has filed two motions regarding the assignment of a judge of this Court to this matter.

 First, plaintiff filed a motion for random reassignment of this matter to another judge. Plaintiff argues that Local Civil Rule 40.5(a)(3), which states that "a case filed by a *pro se* litigant with a prior case pending shall be deemed related and assigned to the judge having the earliest case," discriminates against *pro se* litigants in violation of plaintiff's "due process and equal protection guarantees." Pl.'s Mot. for Random Reassignment [Docket Entry 6] at 2. The earliest of the plaintiff's cases was assigned to this judge at random, and the subsequent assignment of plaintiff's cases to the same judge does not violate plaintiff's constitutional rights. The Court will deny this motion.

 Second, plaintiff filed a motion to disqualify the Honorable John D. Bates from further involvement in this matter. Plaintiff argues that defendants' motion for extension of time to file opposition to motion for preliminary injunction [Docket Entry 12] was filed without a certificate of service to him, and that the Court's subsequent granting of this motion suggests "the probability of unfairness" in subsequent proceedings. Under 28 U.S.C. § 455, a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The action cited by plaintiff does not suggest that the Court's impartiality might reasonably be questioned. The Court will therefore deny this motion.

### V. MOTIONS REGARDING CLERK OF THE COURT

Plaintiff has filed three motions regarding the Clerk of the Court.

First, plaintiff has filed a motion for an order directing the Clerk to provide a password for the Court's CM/ECF system. Plaintiff has provided no good reason to do so, and hence the Court will not overturn the judgment of the Clerk's office on this matter. The Court will deny this motion.

Second, plaintiff has filed a motion for an order directing the Clerk to correct Docket Entry 5 to indicate that plaintiff also filed service on the U.S. Attorney for the District of Columbia and that plaintiff simultaneously filed a motion for preliminary injunction and request for a hearing. Both these items appear elsewhere on the docket; the motion for a preliminary injunction appears at Docket Entry 3 and the notification of service on the U.S. At-

torney appears at Docket Entry 7. Therefore, the Court will deny this motion.

Third, plaintiff has filed a motion for an order directing the Clerk to correct Docket Entry 36 to reflect that plaintiff's reply to the District defendants' opposition to plaintiff's motion for a temporary restraining order was filed on September 16, 2011, rather than September 19, 2011, as the docket currently indicates. Plaintiff included a copy of the date-stamped document with his motion. The Court will grant this motion, and the Clerk will be directed to make that correction.

## VI. CONCLUSION

For the reasons explained above, the Court will deny plaintiff's motions, with the exception of plaintiff's motion for an order directing the Clerk to correct Docket Entry 36, which the Court will grant. The Court will also grant the federal defendant's motion to dismiss, and defendants Obama and Holder will be dismissed from this case. The District defendant's motion to dismiss remains pending before the Court. A separate order has been issued on this date.

### MEMORANDUM OPINION
### AND ORDER

Plaintiff is a prospective participant in the District of Columbia's nascent medical marijuana program. Plaintiff asserts a claim against defendants Vincent Gray, the Mayor of the District of Columbia, and the District's Department of Health (collectively, "the District" or "the District defendants"). The Court has previously denied plaintiff's motions for a temporary restraining order and a preliminary injunction restraining the District from requiring applicants to the medical marijuana program to sign an acknowledgment and attestation of federal laws governing marijuana. Plaintiff also asserted claims

against defendants President Barack Obama and Attorney General Eric H. Holder, Jr. (collectively, the "federal defendants") regarding President Obama's campaign statements addressing the treatment of medical marijuana by his administration and the Department of Justice's criminal prosecution of medical marijuana distributors. The Court previously dismissed these claims for lack of standing.

Now before the Court are motions filed by both plaintiff and the District defendants. The District has filed a motion to dismiss the remaining claim, Count VII of plaintiff's amended complaint. Plaintiff has filed two motions for reconsideration and/or clarification of the Memorandum Opinion and Order filed October 21, 2011 [Docket Entry 47]. For the reasons described below, the Court will grant the District defendant's motion to dismiss. The Court will also deny plaintiff's motions for reconsideration.

### I. Background

The District of Columbia is in the process of starting a medical marijuana program. See D.C.Code § 7–1671.01, et seq. (2011); Emergency and Fourth Proposed Rulemaking to Implement the Legalization of Marijuana for Medical Treatment Initiative of 1999, Rule 22–C100, D.C.Reg. Vol. 58, No. 32 (Aug. 12, 2011). Plaintiff has "publicly expressed his intent ... to become a licensed medical marijuana cultivator" and to operate a dispensary under that program. First Am. Compl. at 3. In order to become licensed to do so, District regulations require the plaintiff "to execute an affidavit" recognizing that "[g]rowing, distributing, and possessing marijuana in any capacity ... is a violation of federal laws" and that the "law authorizing the District's medical marijuana program will not excuse any registrant from any viola-

tion of the federal laws governing marijuana." First Am. Compl., Ex. E.

## II. *Motion to Dismiss*

■ The District defendants have filed a motion to dismiss, arguing, among other things, that the plaintiff's claim against them is now moot. The Court will grant this motion, as the claim against the District has been rendered moot by the plaintiff's subsequent actions.

Before reaching the merits of a plaintiff's claim, this Court must first establish that it has jurisdiction over the matter. Article III of the Constitution requires that the court review only "cases and controversies." *See DeFunis v. Odegaard,* 416 U.S. 312, 316, 94 S.Ct. 1704, 40 L.Ed.2d 164 (1974); *North Carolina v. Rice,* 404 U.S. 244, 246, 92 S.Ct. 402, 30 L.Ed.2d 413 (1971). When a decision on a matter is merely advisory, and if a decision "cannot affect the rights of litigants in the case before [the court]," a case is moot and cannot be heard. *Rice,* 404 U.S. at 246, 92 S.Ct. 402.

Here, plaintiff has brought suit against defendants involved in administering the District's medical marijuana program. He seeks declaratory relief on the grounds that by complying with the District's rules and signing the affidavit in question, he would "expose [himself] to a real and appreciable risk of self-incrimination." First Am. Compl. at 18. However, after his motions for a temporary restraining order and a preliminary injunction were denied, plaintiff signed the affidavit in question and applied to the program. *See* Defs.' Supplement to their Submission in Opp'n to Pl.'s Second Mot. for a Prelim. Inj., Ex. 1 [Docket Entry 41]. According to the federal defendants, plaintiff was also recently denied the license. *See* Notice to the Court [Docket Entry 52] at 2. A ruling on whether the affidavit causes

plaintiff to incriminate himself would have no effect at this point, as he has already signed the affidavit. No action he might yet take would be affected by a ruling of this Court on this issue.

It might be suggested that this case presents a situation that is "capable of repetition, yet evading review," and as such can be heard despite the lack of a current controversy. *See S. Pac. Terminal Co. v. ICC,* 219 U.S. 498, 515, 31 S.Ct. 279, 55 L.Ed. 310 (1911); *Roe v. Wade,* 410 U.S. 113, 125, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973). While plaintiff may choose to apply for distribution and cultivation permits again, thus making these circumstances "capable of repetition," there is no reason to believe that they would evade review in a future dispute. If plaintiff is presented with a similar affidavit in the future, he may challenge it at that juncture.

Because any decision of this court would not change the outcome of a case or controversy, plaintiff's claim against the District defendants is moot. Therefore, the Court will grant the District's motion to dismiss.

## III. *Motions for Reconsideration*

Plaintiff has filed two motions for reconsideration and/or clarification of the Court's October 21, 2011 Order [Docket Entry 46] and accompanying Memorandum Opinion [Docket Entry 47] granting the federal defendants' motion to dismiss and denying plaintiff's motion for a preliminary injunction against the District defendants.

Although there is no Federal Rule of Civil Procedure that expressly addresses motions for reconsideration, *see Lance v. United Mine Workers of Am. 1974 Pension Trust,* 400 F.Supp.2d 29, 31 (D.D.C. 2005), because the Court's opinion did not fully adjudicate all of plaintiff's claims, his

motion is properly characterized as a motion pursuant to Rule 54(b). *See* Fed. R.Civ.P. 54(b) (where court resolves "fewer than all the claims," it may revise "its opinion at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities"). "The Court has broad discretion to hear a motion for reconsideration brought under Rule 54(b)," *Isse v. Am. Univ.*, 544 F.Supp.2d 25, 29 (D.D.C.2008), and reconsideration is appropriate "as justice requires." *Cobell v. Norton*, 355 F.Supp.2d 531, 540 (D.D.C.2005). "Considerations a court may take into account under the 'as justice requires' standard include whether the court 'patently' misunderstood the parties, made a decision beyond the adversarial issues presented, made an error in failing to consider controlling decisions or data, or whether a controlling or significant change in the law has occurred." *Williams v. Johanns*, 555 F.Supp.2d 162, 164 (D.D.C.2008). Review under Rule 54(b) "amounts to determining, within the Court's discretion, whether reconsideration is necessary under the relevant circumstances." *Cobell*, 355 F.Supp.2d at 540.

In plaintiff's first motion for reconsideration, he alleges that the Court failed to follow a controlling decision. Plaintiff alleges that the Court ignored *Babbitt v. United Farm Workers Nat'l Union*, 442 U.S. 289, 99 S.Ct. 2301, 60 L.Ed.2d 895 (1979), and claims that this precedent requires plaintiff to plead only that prosecution under the statute he challenges is "remotely possible." However, *Babbitt* must be read in light of later precedent from this Circuit. *See Seegars v. Gonzales*, 396 F.3d 1248 (D.C.Cir.2005); *Navegar, Inc. v. United States*, 103 F.3d 994 (D.C.Cir.1997). Because plaintiff presented a "non-First Amendment challenge to a criminal statute that has not reached the court through agency proceedings," *Seegars*, 396 F.3d at 1254, this Court correctly applied the analysis framed in *Navegar*. Therefore, the Court will deny this motion.[1]

■ In plaintiff's second motion for reconsideration, he claims he has new evidence that could cure his defect of standing. Plaintiff states that after this Court filed its October 21, 2011 opinion he received notice from his bank terminating the checking account of his company, the Medicinal Marijuana Company of America. Plaintiff suggests that this account was closed due to Drug Enforcement Administration pressure on banks not to do business with medical marijuana companies. But this alleged injury, while related to plaintiff's pursuit of a license to distribute marijuana, is not related to the prosecution his complaint suggested might occur in this case. The evidence also does not show that his account was closed pursuant to any federal statute. Furthermore, plaintiff has not shown that the federal or District defendants had any role in his bank's decision to close his account. *Navegar* requires that a plaintiff show he "faces a threat of prosecution under the statute which is credible and immediate, not merely abstract or speculative." *Navegar*, 103 F.3d at 998. This action by his bank does not increase the threat that plaintiff will be prosecuted under the statute he challenges. The Court will therefore deny this motion.

---

1. To the extent that plaintiff's other claims implicate his prospective participation in the D.C. Medical Marijuana Act, they may have also been rendered moot. According to the federal defendants, plaintiff's company was not selected for the cultivation or distribution program. *See* Notice to the Court at 2. Plaintiff's claims against the federal defendants concerning his possible prosecution could not come to pass if he has been refused a license to operate a cultivation center and dispensary.

IV. *Conclusion*

Accordingly, it is hereby

**ORDERED** that plaintiff's motion for reconsideration [Docket Entry 48] is **DENIED**; it is further

**ORDERED** that plaintiff's second motion for reconsideration [Docket Entry 49] is **DENIED**; it is further

**ORDERED** that defendants Gray and the Department of Health's motion to dismiss plaintiff's amended complaint [Docket Entry 37] is **GRANTED** and defendants Gray and the Department of Health are dismissed from this case. Each of the claims in plaintiff's complaint has now been dismissed.

**SO ORDERED.**